PATRICK J. MURRAY, Respondent, *v.* ABRAHAM KAPLAN and Others, Constituting the Municipal Civil Service Commission of the City of New York, and EDWIN J. O'MALLEY, Commissioner of Markets of the City of New York, Appellants.

First Department, July 6, 1923.

Civil service — action for injunction restraining appointment of supervisors or assistant supervisors of markets in city of New York — Farms and Markets Law, § 260-a, providing for appointment after competitive examination is valid under Constitution, art. 5, § 9.

The Legislature had power, under article 5, section 9, of the Constitution, to pass section 260-a of the Farms and Markets Law providing for the appointment of supervisors and assistant supervisors of public markets after competitive examinations for such positions pursuant to the Civil Service Law, and in doing so it properly carried out the intent of the constitutional provision and it was not necessary for it to say why such positions should be placed in the competitive class because the duty was cast upon it to place them in that class unless competitive examination was for some well-defined reason impracticable.

APPEAL by the defendants, Abraham Kaplan and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of May, 1923, granting plaintiff's motion for a temporary injunction.

*George P. Nicholson, Corporation Counsel [Elliot S. Benedict* of counsel; *John F. O'Brien* and *Arthur Sweeny* with him on the brief], for the appellants.

*Moses Altmann* of counsel, for the respondent.

*Medina & Sherpick [Harold R. Medina* of counsel; *Leander I. Shelley* with him on the brief], for Eugene B. Sullivan and others, *amici curiæ.*

*A. Leo Everett* of counsel [*Albert de Roode* with him on the brief], for the Civil Service Reform Association.

MARTIN, J.:

The plaintiff, respondent, was granted an order at Special Term restraining the defendant Edwin J. O'Malley from appointing any supervisors or assistant supervisors of markets from eligible lists, promulgated or to be promulgated, certified or to be certified by the municipal civil service commission after competitive examination.

The statute under review is section 260-a of the Farms and Markets Law (as added by Laws of 1922, chap. 633), which pro-

vides in part as follows: " The commissioner of public markets shall have the power to appoint supervisors, assistant supervisors and such other employees as he may deem advisable to supervise the sale of market produce from push carts and other vehicles in open air markets in such city. Such supervisors, assistant supervisors and other employees shall be appointed from lists to be furnished by the municipal [civil] service commission after competitive examination for such positions *pursuant to the Civil Service Law.* Such commission shall provide for and hold such examinations forthwith. Persons now holding such positions shall hold office until such time as such lists shall be completed and such appointments made therefrom."

The learned court at Special Term held that the Legislature was without power to determine that positions must be placed in the competitive class unless the reasons therefor appear in the statute so declaring.

The Constitution of the State of New York, article 5, section 9, provides as follows:

" Sec. 9. Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness, to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; provided, however, that honorably discharged soldiers and sailors from the army and navy of the United States in the late Civil War, who are citizens and residents of this State, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made. Laws shall be made to provide for the enforcement of this section."

It will be noted that the command of the Constitution is that appointments and promotions in " the civil service of the State, and of all the civil divisions thereof * * * shall be made according to merit and fitness to be ascertained, *so far as practicable,* by examinations, which, so far as practicable, shall be competitive * * *. Laws shall be made to provide for the enforcement of this section."

Passing on a similar question, the Court of Appeals in *Hale v. Worstell* (185 N. Y. 247) said:

" The Constitution clearly contemplates that all appointments and all promotions shall be made according to merit and fitness to be ascertained by competitive examination unless it is in good faith found that it is impracticable so to determine the relative merit and fitness of persons for a particular position or employment. * * *

" Any exception, however, to the constitutional direction that

appointments and promotions must be made according to merit and fitness to be ascertained by competitive examination must be based upon the impracticability of the selection being based upon the result of such competitive examination. Apart from the fact that statutes may be made and rules may be adopted to make a practicable and workable system of appointments and promotions, the plain, general direction of the Constitution requiring that such appointments and promotions be made after a competitive examination must be obeyed. The constitutional provision must be given a fair and liberal construction and the power reserved to the Legislature and to civil service commissions to make laws and rules must be exercised with a view of carrying out the purpose and intent of the Constitution. Any statute or rule contrary to the express language of the Constitution or to its true spirit and intent, is void and cannot be enforced, and in every case it is for the courts to determine whether a statute or rule is a valid exercise of the power to determine what employees or class of employees it is not practical to select from lists prepared after an examination or a competitive examination.

" The Constitution is not only the supreme law, but the guide in the determination of every question arising in connection with the civil service appointments."

In obedience to the mandate of the Constitution, the Legislature enacted the Civil Service Law, which fully covers the subject here under review; and in addition it has provided by the Farms and Markets Law that there shall be a competitive examination for the appointments to be made in that department of the municipal government.

The general Civil Service Law provides a complete and comprehensive scheme for carrying out the civil service provisions of the Constitution. If in the statute attacked the Legislature had remained silent as to whether or not the specific positions should be filled through competition, these positions, under the Civil Service Law, would have fallen within the competitive class.

Section 14 of the Civil Service Law is in part as follows:

" Sec. 14. The competitive class. The competitive class shall include all positions for which it is practicable to determine the merit and fitness of applicants by competitive examination, and shall include all positions now existing, or hereafter created, of whatever functions, designations or compensation, in each and every branch of the classified service, except such positions as are in the exempt class, the non-competitive class or the labor class * * *."

The effect of this provision is to include in the competitive

class all positions not falling within the designated exceptions, whether formally classified therein by the Commission or not.

In *Story* v. *Craig* (231 N. Y. 33) the court said: " The plaintiff makes no complaint that there ·has been any failure on the part of the Commission to give to these positions a place in one of the four statutory classes. The complaint, if made, would be untenable. ·The positions have been put by the Commission in the competitive class, and so in practice they have been treated. They have been put there by the general statement of the rules (declaratory, indeed, of provisions of the statute, secs. 14, 16) that everything shall be in the competitive class unless expressly included elsewhere. Classification has thus been effected in the only sense prescribed by statute."

In *Matter of Keymer* (89 Hun, 292, 299) the court said: " It may be conceded as a general proposition that it is in the power of the Legislature to determine with reference to what offices or class of offices examinations or competitive examinations are practicable, but whether a particular statute is a valid exercise of that power is a judicial question.

" It will be observed that the power of the Legislature is, by the section quoted, restricted to the passage of laws for the enforcement of this section. The limit of legislative power is thus accurately defined, and the validity of every law relating to appointments and promotions in the civil service of the State or of the municipal corporations thereof, is to be tested by the inquiry whether the statute tends to enforce the provision of the Constitution. If it is apparent that such is not the real object and purpose of a law, the courts will interfere, and protect the constitutional rights of the people."

The Constitution establishes competition as the rule guiding the determination of merit and fitness. There is a restriction upon the power of the Legislature to provide for the appointment by means other than competitive examination, where the same is practicable.

In the case of *People ex rel. McClelland* v. *Roberts* (148 N. Y. 360, 366) the court said: " The principle that all appointments in the civil service must be made according to merit and fitness, to be ascertained by competitive examinations, is expressed in such broad and imperative language that in some respects it must be regarded as beyond the control of the Legislature, and secure from any mere statutory changes."

Not only is it clear that the Legislature had the power to pass the statute providing for competitive examination to fill the positions referred to, but also that, in so doing, it properly carried

out the intent of the constitutional provision. It was not necessary for the Legislature to say why such positions should be placed in the competitive class, because the duty was cast upon it to place them in the competitive class, unless competitive examination was for some well-defined reason impracticable. Such reason, when the basis of legislative action, is always reviewable by the courts.

The order of the court below should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.