In the Matter of ROBERT J. ROONEY, Respondent, against WILLIAM G. RICE et al., Constituting the New York State Civil Service Commission, Respondents; JAMES C. QUINN et al., Constituting the New York City Alcoholic Beverage Control Board, Appellants, and LOUIS FISHER et al., Interveners, Appellants.

Argued April 22, 1937; decided May 25, 1937.

*Charles G. Bond* for New York City Alcoholic Beverage Control Board, appellant. The action of the Commission in exempting the position of executive officer was proper. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92.) The position of secretary to the New York City Alcoholic

Beverage Control Board is exempt. (Civil Service Law [Cons. Laws, ch. 7], § 13, subd. 2.)

*Albert de Roode* for Louis Fischer, appellant. The exemption of the position of executive officer for the New York City Alcoholic Beverage Control Board was a reasonable exercise of judgment which should not be disturbed. (*Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464; *Matter of Poucher* v. *Berry*, 249 N. Y. 16; *People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *Chittenden* v. *Wurster*, 152 N. Y. 345; *People ex rel. Sims* v. *Collier*, 175 N. Y. 196; *People ex rel. Merritt* v. *Kraft*, 204 N. Y. 626; *Matter of Gluck* v. *Rice*, 265 N. Y. 132; *Matter of Friedman* v. *Finegan*, 268 N. Y. 93; *Matter of Ottinger* v. *Civil Service Comm.*, 240 N. Y. 435; *Matter of Byrnes* v. *Windels*, 265 N. Y. 403; *Bloodgood* v. *Lewis*, 209 N. Y. 95; *Matter of Hacker* v. *Hacker*, 153 App. Div. 270; *Livingston* v. *N. Y., Ontario & W. Ry. Co.*, 193 App. Div. 523.) The office of executive officer as matter of law is in the exempt class under Civil Service Law, section 13, subdivision 1. (*Matter of Byrnes* v. *Windels*, 265 N. Y. 403.)

*William I. Cohen* and *Aaron A. Linken* for Elsie Waldeck, appellant. The position of secretary to the New York City Alcoholic Beverage Control Board is one of confidence, trust and utmost discretion and competitive examination is not practicable for appointment thereto. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *People ex rel. Sims* v. *Collier*, 175 N. Y. 196; *Matter of Weeks* v. *Kraft*, 147 App. Div. 403; *Matter of Farley*, 131 N. Y. Supp. 253; 147 App. Div. 929; 204 N. Y. 675; *Matter of Blatz* v. *Esser*, 189 App. Div. 763; *Matter of Simons* v. *McGuire*, 204 N. Y. 253; *Chittenden* v. *Wurster*, 152 N. Y. 345; *People ex rel. Peters* v. *Adam*, 106 N. Y. Supp. 158; 122 App. Div. 898; 190 N. Y. 567; *People ex rel. Corkill* v. *McAdoo*, 113 App. Div. 770; *People ex rel. Crummey* v. *Palmer*, 152 N. Y. 217.) Section

13 of the Civil Service Law is mandatory and creates those positions which are to be placed in the exempt class. (*Matter of Hammond*, 140 App. Div. 19; 200 N. Y. 527.)

*Emanuel Thebner* and *Rudolph Stand* for respondent. The resolutions of the Civil Service Commission are void as a matter of law and contravene section 6 of article 5 of the State Constitution. (*Matter of Goss* v. *Rice*, 160 Misc. Rep. 698; *People ex rel. Weatherly* v. *Milliken*, 72 Misc. Rep. 430.) The action of the Commission in promulgating the resolutions was an arbitrary, capricious and discriminating act in violation of the constitutional mandate, and was palpably illegal. (*Hurley* v. *Board of Education*, 270 N. Y. 275; *Fischer* v. *Rice*, 246 App. Div. 524; *Matter of Scahill* v. *Drzewucki*, 269 N. Y. 343.) The determination of the Appellate Division voiding the resolution is proper. Fischer's employment under the resolution was clearly a nullity, and his employment was contrary to law. (*Matter of Scahill* v. *Drzewucki*, 269 N. Y. 343; *Hurley* v. *Board of Education*, 270 N. Y. 275.)

*H. Eliot Kaplan* for Henry W. Ralph, interested party.

RIPPEY, J. In May, 1933, appellants Louis Fischer and Elsie Waldeck were appointed by the New York City Alcoholic Beverage Control Board as "Executive Officer" and "Secretary," respectively, pursuant to the provisions of chapter 180 of the Laws of 1933. Chapter 478 of the Laws of 1934 continued the Alcoholic Beverage Control enforcement administration and the personnel set-up in substantially the same form as had existed under the previous temporary law. On February 10, 1934, a competitive examination was held by the State Civil Service Commission for the position of "Executive Officer, New York City Alcoholic Beverage Control Board," and in the notice of examination the following was stated: "One immediate appointment expected at $6,500. Appointment to Assistant or Deputy Executive

Officer of that Board may be made from this list." No examination has ever been held for the position of " Secretary." On the list of qualified candidates for " Executive Officer " promulgated on July 30, 1934, as a result of the examination, appear the names of Rooney, Ralph, Fischer and Waldeck. Ralph was appointed from the list and holds the position of Deputy Executive Officer. Fischer continued in his position but not by appointment from the civil service list.

By the provisions of section 13, subdivision 1, of the Civil Service Law (Cons. Laws, ch. 7), " the deputies of principal executive officers authorized by law to act generally for and in place of their principals " are placed in the exempt class. Fischer's provisional appointment was continued on the ground that his duties were·those of the principal executive officer of the Board. The Alcoholic Beverage Control Law (Cons. Laws, ch. 3-B, § 38), so far as material, reads: " Each local board shall have the power to appoint an executive officer and such other employees and assistants as may be required subject to approval and authorization as to number thereof and as to salaries and other expenses, by the liquor authority as hereinafter provided for. Such executive officer shall, subject to the supervision and control of the local board, exercise any of the functions, powers and duties of said board which such local board may delegate to him."

If the duties of " Executive Officer " are such as to render the position exempt within the meaning of the Civil Service Law and the Board, after due hearing, had so found and declared, executive officers of local boards throughout the State might have been appointed to that position without reference to the civil service competitive list, in spite of the provision in section 38 that the officer should be subject to the supervision and control of the local board. (*Matter of Byrnes* v. *Windels*, 265 N. Y. 403.) Whether a position is confidential and should be

classified as exempt is for the Civil Service Commission rather than for the courts to decide (*Matter of Blatz* v. *Esser*, 189 App. Div. 763; *Matter of Simons* v. *McGuire*, 204 N. Y. 253), and unless its discretion is unreasonably exercised its decision cannot be disturbed. (*Matter of Farley* v. *Kraft*, 131 N. Y. Supp. 353; affd., 147 App. Div. 929; affd., 204 N. Y. 675.) By holding a competitive examination, the Civil Service Commission at first regarded the position in the competitive class.

Subsequently and on March 13, 1936, it classified the position as follows: " 1. Executive Officer — exempt for the first incumbent, by resolution of the Civil Service Commission adopted May 23, 1935 and approved by the Governor June 25, 1935." Thus, there was added to the classification of positions in the exempt class in the Division of Alcoholic Beverage Control, Executive Department, one executive officer (first incumbent only) in the office of the New York City Alcoholic Beverage Control Board. This action of the Commission was not authorized by the Constitution nor by any statute and was beyond the power of the Commission. The resolution did not exempt the position; it exempted Fischer, who was then the incumbent of the office, from the competitive service.

On December 5, 1935, the Civil Service Commission passed a resolution that the position of " Secretary to the board (first incumbent only) " should be added to the classification of positions in the exempt class in the office of the New York City Alcoholic Beverage Control Board. This resolution was apparently intended to apply to Waldeck only and was beyond the power of the Commission. Rooney is not a party aggrieved, for he is on no list for secretary and there is no such list in existence and the Commission cannot comply with the order entered upon the decision of the Appellate Division as to that position and certify a list. Had the Commission duly acted to declare the position of secretary exempt, its discretion could not be disturbed by the courts.

The order of the Appellate Division should be modified in so far as it grants the motion for a peremptory mandamus as to Waldeck and commands the Civil Service Commission to certify names for appointment to the position of secretary to the Board and the order of the Special Term as to Waldeck should be affirmed, with costs in the Appellate Division and in this court to the intervener Waldeck against the petitioner-respondent Rooney. As so modified, the order of the Appellate Division should be affirmed, with costs to the petitioner-respondent Rooney against the intervener Fischer.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.