In the Matter of DANIEL H. SANDFORD, Respondent, against JAMES E. FINEGAN et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Appellants.

Argued September 29, 1937; decided November 23, 1937.

*Paul Windels, Corporation Counsel (Edmund L·
Palmieri, Paxton Blair* and *Seymour B. Quel* of counsel)'
for appellants. Since the petitioner's position had been
validly placed in the competitive class prior to his pur-
ported reappointment he cannot claim a fixed tenure of
office. (*Matter of Friedman* v. *Finegan,* 268 N. Y. 93;
*Matter of Gluck* v. *Rice,* 265 N. Y. 132; *Matter of O' Keefe*
v. *Clarke,* 238 App. Div. 175; *Matter of Welling* v. *Kaplan,*
242 App. Div. 605; *Matter of Sherman* v. *Higgins,* 272
N. Y. 286; *Hurley* v. *Board of Education,* 270 N. Y. 275;
*Ciaccia* v. *Board of Education,* 271 N. Y. 336; *Matter of
Carow* v. *Board of Education,* 272 N. Y. 341; *Matter of
Mylod* v. *Graves,* 274 N. Y. 381; *Matter of Rooney* v.
*Rice,* 274 N. Y. 347.)

*John J. Bennett, Jr., Attorney-General (Henry Epstein*
of counsel), for State of New York.

*Gabriel L. Kaplan* and *Sidney A. Fine* for respondent.
The Civil Service Law (Cons. Laws, ch. 7) does not pro-
hibit an exempt incumbent from continuing to perform
the duties of his position once that position has been
reclassified into the competitive class. (*Matter of Fornara*
v. *Schroeder,* 261 N. Y. 363; *Matter of Sugden* v. *Partridge,*
174 N. Y. 87.) Expiration of petitioner's original term
did not create a vacancy in his position which compelled
the district justices to fill that position by appointment
from a competitive eligible list. (*People ex rel. McCul-
lough* v. *Wilson,* 80 App. Div. 640; 176 N. Y. 574; *People
ex rel. Wilson* v. *Knox,* 45 App. Div. 537.) The petitioner
was in office on May 28, 1937, the effective date of chapter
716 of Laws of 1937, and he is now entitled to continue

in his position until he dies, resigns or is removed. (*People ex rel. Distler* v. *McGuire*, 68 Misc. Rep. 516; *Berry* v. *Cain*, 246 App. Div. 536; *Matter of Fornara* v. *Schroeder*, 261 N. Y. 363; *Ciaccia* v. *Board of Education*, 271 N. Y. 336.)

FINCH, J. The defendants appeal, with the permission of this court, from an order of the Appellate Division unanimously affirming an order of the Supreme Court granting a peremptory order of mandamus.

The petitioner was appointed an assistant clerk of the Municipal Court of the City of New York, borough of Manhattan, in 1918, to fill an unexpired term ending December 31, 1919. Thereafter he received several successive appointments for six-year terms, pursuant to the Greater New York Charter (§ 1373; Laws of 1901, ch. 466, as amended by Laws of 1923, ch. 145, and Laws of 1929, ch. 235). On June 28, 1932, petitioner was appointed a deputy clerk of the Municipal Court to fill an unexpired term ending January 28, 1936. When the petitioner received his appointment as assistant clerk and deputy clerk the positions were in the exempt class of the civil service. The Municipal Civil Service Commission on August 9, 1934, transferred these positions to the competitive class. The validity of this resolution has been sustained by this court. (*Matter of Friedman* v. *Finegan*, 268 N. Y. 93.) At the expiration of the term of petitioner running to January 28, 1936, the justices of the Municipal Court for this district appointed the petitioner as deputy clerk for the ensuing six-year term. No issue arises in the case at bar between a competitive and a qualifying examination, since the petitioner has refused to take either.

The issue presented is whether the petitioner is legally in office although there has been a reclassification of the position and a subsequent expiration of petitioner's previous term of office. In this connection it should be noted that the Legislature passed an act which took

effect May 28, 1937 (Laws of 1937, ch. 716), and sought to confer tenure of office during good behavior upon all employees of the Municipal Court of the City of New York. Thus we have in the case at bar an office originally in the exempt class and the term of the incumbent expiring after the office was placed in the competitive class. If the term had not come to an end there would be no doubt that the position could be placed in the competitive class without the necessity of taking any examination. So, too, if the tenure, of the office had been indefinite he would be continued in the position without taking an examination after the position had been placed in the competitive class. (*Matter of Fornara* v. *Schroeder*, 261 N. Y. 363.) This view of the law has been followed by the Attorney-General and the civil service authorities for the past thirty years. On the other hand, if in the case at bar the incumbent had died or resigned after the office had been changed from the exempt class to that of the competitive class, the new appointee would have to be taken from the eligible list. In the case at bar, however, we have the facts falling in between the examples given. We have the case of an office with a fixed tenure changed from the exempt to the competitive class, and thereafter the incumbent being reappointed for a fixed term and refusing to take any examination.

In the first place we note that the continuance of the petitioner in office does not violate the provisions of the Constitution. The constitutional provision requires that " appointments and promotions in the civil service * * * shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations which, so far as practicable, shall be competitive." (N. Y. Const. art. 5, § 6.) What happened to this incumbent was at the least a holding over in an office the term of which had expired. He was neither appointed nor promoted to this office, and hence the prohibition of the

Constitution does not apply. While the petitioner remained in office his term was in effect extended. Nor can there be any doubt that the incumbent was legally in office on May 28, 1937, when the act of the Legislature took effect. Where a person is in office for a fixed term, and the term expires and no appointment is made, and the incumbent continues in office and draws his pay, as in the case at bar, the Public Officers Law (Cons. Laws, ch. 47) provides that he shall hold over and continue to discharge the duties of his office until his successor is chosen and qualifies. (Public Officers Law, § 5.) Since the language of the Constitution does not prohibit the retention in office of the petitioner, the claim of the defendants-appellants, that the act of the Legislature was unconstitutional, cannot be sustained. The petitioner was legally in office, and the act of the Legislature was duly applicable to him.

The cases relied upon by the appellants are not in point. In *Hurley* v. *Board of Education* (270 N. Y. 275); *Ciaccia* v. *Board of Education* (271 N. Y. 336), and *Matter of Carow* v. *Board of Educatio*ı (272 N. Y. 341) we were not dealing with persons who held offices with permanent tenure or a fixed term, but with persons who were on an eligible list and had not been appointed prior to its expiration. In *Matter of Rooney* v. *Rice* (274 N. Y. 347) the positions were classified as competitive and yet thereafter persons who had never previously been in the office, except as temporary employees, were appointed without regard to the eligible list.

The petitioner being legally in office when the act of the Legislature took effect, it becomes unnecessary to consider the effect and applicability of sections 14 and 16 of the Civil Service Law (Cons. Laws, ch. 7).

The order should be affirmed, with costs.

O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; CRANE, Ch. J., and LEHMAN, J., concur in result.

Order affirmed.