In the Matter of HARRY JAMPOL and Others, Petitioners, against JAMES E. FINEGAN, President, and Others, Commissioners, Constituting the Municipal Civil Service Commission for the City of New York, and Another, Defendants.*

Supreme Court, Special Term, New York County, January 10, 1938.

* Affd. *sub nom. Matter of Jambol* v. *Kern* (254 App. Div.733).

*Albert De Roode*, for the petitioners.

*Paul Windels, Corporation Counsel [Thomas W. A. Crowe* of counsel], for the defendants.

McLaughlin (Charles B.), J.   This is an application pursuant to the provisions of article 78 of the Civil Practice Act whereby the petitioners seek to oust thirty-five persons employed in the title and position of pharmacist in the department of hospitals and twelve persons holding the position of senior hospital helper or of hospital helper and who, since January 1, 1938, have the title of assistant pharmacist in department of hospitals.

The petitioners have passed a competitive examination, and if the positions held by these persons are declared vacant then they will be appointed from the list.   There is no merit to this application.   The action taken by the civil service commission was proper and legal in every way.   When the positions were reclassified those employed there could be retained.

In *Matter of Sandford* v. *Finegan* (276 N. Y. 70) the Court of Appeals pointed out that the *continuance* of a person in office does not violate the provisions of the Constitution that " *appointments* and *promotions* in the civil service   *   *   *   shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations which, so far as practicable, shall be competitive." (Italics mine.)   Accordingly, an act of the Legislature which " sought to confer tenure of office during good behavior upon all employees of the Municipal Court of the City of New York " was upheld as valid.   The court said: " Thus we have in the case at bar an office originally in the exempt class and the term of the incumbent expiring after the office was placed in the competitive class.   If the term had not come to an end there would be no doubt that the position could be placed in the competitive class without the necessity of taking any examination.   Soo, too, if the tenure of the office had been indefinite he would be continued in the position without taking an examination after the position had been placed in the competitive class.   (*Matter of Fornora* v. *Schroeder;*

261 N. Y. 363.) This view of the law has been followed by the Attorney-General and the civil service authorities for the past thirty years."

In the case at bar we have a rule of the municipal civil service commission, which has the effect of law, reading as follows (Rule IV, ¶ 3): " Whenever a position in the exempt or the non-competitive class is placed in the competitive class the incumbent of the position, if there be any at the time of such reclassification, may continue to hold the position, with all the rights and privileges of a competitive employee, provided that such an incumbent of an exempt position must pass, and such an incumbent of a non-competitive position may be required to pass, a qualifying examination to be given by the commission."

This rule does not violate section 6 of article V of the Constitution, for the reasons pointed out in *Matter of Sandford* v. *Finegan (supra)*. The appointment, pursuant to this rule, to the newly-created competitive position of pharmacist, of persons then in the employ of the city under the non-competitive title of pharmacist, was, therefore, valid. It did not constitute an appointment or promotion in the civil service, but merely a retention in said service of the persons who were performing the duties of pharmacist, under that title, at the time the position was made competitive.

The petitioners' claim that the decision in *Matter of Sandford* v. *Finegan (supra)* is limited to exempt positions and does not apply to non-competitive positions appears to be without merit. No logical or otherwise satisfactory basis for such a distinction is advanced. In *Matter of Sugden* v. *Partridge* (174 N. Y. 87, 94) it was held that the retention of a detective sergeant of police after examinations for the position had been declared practicable was not a violation of the Civil Service Law or of the Constitution.

The case of *Matter of Rooney* v. *Rice* (274 N. Y. 347) is distinguishable for, as the Court of Appeals pointed out in *Sandford* v. *Finegan (supra)*, it dealt with " persons who had never previously been in the office, except as temporary employees." The opinion of the Court of Appeals in *Matter of Rooney* v. *Rice (supra)* refers to the original appointment of Fischer, the validity of whose continuance in office was there involved, as a provisional appointment (p. 351).

In so far as the present application assails the propriety and legality of the appointment as pharmacists, without competitive examination, of persons previously employed under the non-competitive title of pharmacist, the motion must be denied.

Complaint is also made of the appointment, without competitive examination, as assistant pharmacists, of persons previously employed under the non-competitive titles of senior hospital helper

or of hospital helper. As these persons were not, prior to their appointment as assistant pharmacists, incumbents of the non-competitive position of assistant pharmacist, their appointment is not authorized by the rule of the municipal civil service previously referred to. The answer of the commission admits that there were no assistant pharmacists prior to the recent resolution of the commission establishing the competitive class known as " the pharmacist service." The fact that the persons in question may have been performing duties similar to those of assistant pharmacists is insufficient to bring them within the language of paragraph 3 of rule IV of the rules of the commission. However, the present petitioners are not prejudiced at this time by the appointment of assistant pharmacists. The petitioners will not and cannot be prejudiced unless and until the persons appointed as assistant pharmacists are promoted to the position of pharmacist ahead of one or more of the petitioners.

In so far as the present application relates to the assistant pharmacists, it is denied as premature, but without prejudice to have the matter thereafter determined upon the merits if and when the occasion arises. Settle order.