In the Matter of WILLIAM J. COOK et al., Respondents, against PAUL J. KERN et al., Constituting the Civil Service Commission of the City of New York et al., Appellants, Impleaded with Another.

Argued April 15, 1938; decided May 24, 1938.

*William C. Chanler, Corporation Counsel (Leonard M. Wallstein, Jr.,* and *Paxton Blair* of counsel), for appellants. Since no new positions were created and since the incumbents satisfied the civil service requirements in effect when they were appointed as stationary engineers, the commission properly held the promotion examination for the purpose only of filling future vacancies. The incumbents were not ousted and may continue in office. (*People ex rel. Steiger* v. *Collins,* 213 App. Div. 76; 241

N. Y. 526; *Story* v. *Craig*, 231 N. Y. 33; *People ex rel. Kenehan* v. *Higgins*, 159 App. Div. 226; *Matter of Fornara* v. *Schroeder*, 261 N. Y. 363; *Matter of Sandford* v. *Finegan*, 276 N. Y. 70; *People ex rel. Wilson* v. *Knox*, 45 App. Div. 537; *Matter of Sugden* v. *Partridge*, 174 N. Y. 87.) Before the holding of the promotion examination and the establishment of the eligible list, it was proper for the incumbents to act as engineers in charge. (*Matter of Fornara* v. *Schroeder*, 261 N. Y. 363; *Matter of Sugden* v. *Partridge*, 174 N. Y. 87; *Matter of Murray*, 88 Misc. Rep. 625; *Hale* v. *Worstell*, 185 N. Y. 247; *Thoma* v. *City of New York*, 263 N. Y. 402; *People ex rel. Lodholz* v. *Knox*, 58 App. Div. 541; 167 N. Y. 620; *People ex rel. Stokes* v. *Tully*, 108 App. Div. 345; *O'Malley* v. *Board of Education*, 160 App. Div. 261; *People ex rel. Holleran* v. *Creelman*, 148 App. Div. 121; *Smith* v. *City of New York*, 83 Misc. Rep. 98.)

*Abraham K. Weber* and *Eugene V. King* for respondents. The New York Constitution (art. 5, § 6) and Civil Service Law (Cons. Laws, ch. 7) require that a promotion may be filled only after a promotional competitive examination. (*Matter of Ricketts*, 111 App. Div. 669; *People ex rel. McClelland* v. *Roberts*, 148 N. Y. 360; *Hale* v. *Worstell*, 185 N. Y. 247; *Matter of Seeley* v. *Stevens*, 190 N. Y. 158; *Hurley* v. *Bd. of Education*, 270 N. Y. 275; *Matter of Allaire* v. *Knox*, 62 App. Div. 29; 168 N. Y. 642; *People ex rel. Campbell* v. *Partridge*, 89 App. Div. 497; 179 N. Y. 530; *Matter of Scahill* v. *Drzewucki*, 269 N. Y. 343; *People ex rel. Hannan* v. *Board of Health*, 153 N. Y. 513.) The position of stationary engineer in charge, being a position of a higher rank at increased compensation, is a promotion from the position of stationary engineer. (*Hale* v. *Worstell*, 185 N. Y. 247; *Chittenden* v. *Wurster*, 152 N. Y. 345; *People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92.) The resolution was of no legal effect in so far as it attempted to create an exemption, (*People ex rel. Mehegan* v. *Scannell*, 28 Misc. Rep. 401;

*People ex rel. Sims* v. *Collier,* 175 N. Y. 196; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Matter of Simons* v. *McGuire,* 204 N. Y. 253; *People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252; *Matter of Rooney* v. *Rice,* 274 N. Y. 347; *Matter of Kraus* v. *Singstad,* 275 N. Y. 302.)

O'BRIEN, J. The order under review directs the Municipal Civil Service Commissioners, the Commissioner of Sanitation and the Budget Director of the city of New York to certify and assign the petitioners to the positions of "Stationary Engineers in Charge" in the order of their civil service ratings and forthwith to remove from these positions those persons now occupying them who are not on the eligible list and also those occupants who are on the eligible list but whose ratings are subordinate to those of the petitioners.

For many years prior to May, 1936, there existed in the Department of Sanitation an office or departmental designation known as "Stationary Engineer in Charge," but the fact does not appear that any such formal position had ever been created by law. Prior to May 27, 1936, the Municipal Civil Service Commission created a new *classification* known as "Stationary Engineer in Charge," and on that date directed a competitive promotional examination to be held for the position of "Stationary Engineer in Charge." However, on August 5, 1936, the Commission adopted this resolution: "Resolved, That with respect to all Stationary Engineers in Charge whose payrolls have been heretofore approved by this Commission, that the Commission continue such approval of payrolls *until application is made* by the respective departments in which such persons are employed *to change such title to Senior Stationary Engineer,* the existence of any promotion list to the contrary notwithstanding; it being intended that *such a promotion list is to be used and certified only for the purpose of filling future vacancies.*" Five months subsequent to the adoption of this resolution, and while it remained in effect, the examination for

"Stationary Engineer in Charge" was held January 20, 1937. The eligible list, upon which these petitioners' names appear, was not promulgated until July 7, 1937. On the dates of the adoption of the resolution, of the examination and of the promulgation of the eligible list, no vacancies existed among the "Stationary Engineers in Charge" in the Department of Sanitation. All the present incumbents had obtained valid original appointments as stationary engineers, and when, prior to May, 1936, additional duties were imposed and increased emoluments conferred upon them under their departmental designation as "Stationary Engineers in Charge," there were no promotion examinations to be taken and no eligible lists from which appointments could be made. Having received original valid appointments, they have the right to remain in their positions, even though a new classification has been effected and new requirements exacted. (*Matter of Fornara* v. *Schroeder*, 261 N. Y. 363, 368; *Matter of Sandford* v. *Finegan*, 276 N. Y. 70, 73.) No new position has been created, no vacancy has occurred, and the sole purpose of the promotion examination was for filling vacancies. (Civil Service Law [Cons. Laws, ch. 7], § 16.)

The orders should be reversed and the application denied, with costs in all courts. (See 278 N. Y. 694.)

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Orders reversed, etc.