JOSEPH W. SULLIVAN and MORTIMER A. BECK, Plaintiffs, v. PAUL J. KERN and Others, as Municipal Civil Service Commissioners in and for the City of New York and Constituting the Municipal Civil Service Commission of Such City, and Others, Defendants.

First Department, June 29, 1939.

*Nathan W. Math* of counsel [*Math & Glassman,* attorneys], for the plaintiffs.

*Jeremiah M. Evarts* of counsel [*William C Chanler, Corporation Counsel*, attorney], for the defendants.

CALLAHAN, J. The plaintiff Sullivan was provisionally appointed court clerk in the City Magistrates' Court of the City of New York on May 22, 1936. The certificate of appointment stated that such appointment was for the unexpired time of a named predecessor, and indicated that the term would expire on January 31, 1938.

Plaintiff Beck was appointed to a like position on December 15, 1936, to fill the vacancy caused by the death of a predecessor, whose term would have expired June 30, 1939. As in the case of Sullivan, Beck's certificate stated that he was provisionally appointed.

The record further shows that all payrolls of these plaintiffs were certified by the municipal civil service commission, with indorsements indicating that the appointments were pending promulgation of a competitive list.

On April 4, 1939, the municipal civil service commission certified a list for court clerk of the City Magistrates' Court. Thereupon the chief city magistrate advised the plaintiffs that their employment was terminated as of April 30, 1939.

Plaintiffs contend that this termination was unlawful, as they were " clerks in office " within the purview of chapter 469 of the Laws of 1937, which amended section 84 of the Inferior Criminal Courts Act, so as to provide " Clerks in office on the thirtieth day of March, nineteen hundred and thirty-seven shall be continued as clerks of said courts until separated from the service as provided by law." They contend that under the authority of *Matter of Sandford* v. *Finegan* (276 N. Y. 70) their tenure of office was extended by the Legislature by reason of the statutory amendment above quoted.

Prior to June 5, 1935, the position of clerk in the Magistrates' Court of the City of New York was classified in the exempt class of the classified civil service. On said date the municipal civil service commission adopted a resolution placing the position in the competitive class of the civil service. Said resolution was duly approved by the mayor and approved by the State Civil Service Commission on February 27, 1936. It is, therefore, to be noted that both of the plaintiffs were first appointed after this position was placed in the competitive service. They were not incumbents who held over under appointments made prior to such classification. Pursuant to section 9 of rule V of the Rules of the Municipal Civil Service Commission, the plaintiffs were approved as provisional

appointees pending the promulgation of an eligible list for the position. Their certificates of appointment and the payrolls certifying the right to compensation in each instance thereafter noted that their appointments had been provisional. We think that such appointees were not " clerks in office " within the meaning of that phrase as used in section 84 of the Inferior Criminal Courts Act as it was amended in 1937. In any event, it would seem clear that, having been appointed provisionally, these clerks were " separated from the service as provided by law," when their employment was terminated upon the promulgation of an eligible list.

*Matter of Sandford* v. *Finegan* (*supra*) is distinguishable in that there the appointees were hold-over clerks who had been in office long before any reclassification. Their certificates of reappointment for an additional term which were issued after the reclassification did not designate the appointees as provisional. Under the circumstances Sandford and those similarly situated were held to be legally in office and protected by a statute similar to that invoked by plaintiffs. We think, however, the cases are distinguishable because of the provisional nature of the present appointments.

Under the circumstances we do not need to pass upon the questions that would be raised concerning constitutionality if the statute involved was otherwise construed.

Judgment should be rendered in favor of the defendants, without costs.

O'MALLEY, TOWNLEY, DORE and COHN, JJ., concur.

Judgment unanimously directed in favor of defendants, without costs. Settle order on notice.