JULIUS L. BRESSLER et al., Plaintiffs; REGINA KESSLER et al., Appellants, and DOROTHY GREENMAN, Respondent, *v.* BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Respondent-Appellant.

HARRY BALSAM et al., Plaintiffs, *v.* BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Defendant.

First Department, December 12, 1947.

*Osmond K. Fraenkel* for Regina Kessler and Ruth Mantell, plaintiffs-appellants, and Dorothy Greenman, respondent.

*Michael A. Castaldi* of counsel (*Seymour B. Quel* and *Morris Weissberg* with him on the brief; *Charles E. Murphy, Corporation Counsel,* attorney), for respondent-appellant.

*Per Curiam.* These actions have been settled by formal stipulation with respect to all of the plaintiffs except Dorothy Greenman, Regina Kessler and Ruth Mantell. Concerning them, the stipulation specifies the amounts which they are to be paid in event that the court determines the action in their favor. It provides: " The trial of the action shall proceed with respect to last three named plaintiffs solely for the purpose of determining whether plaintiffs, Dorothy Greenman and Regina Kessler, were employed by the defendant prior to January 1, 1940, and plaintiff, Ruth Mantell, prior to July 1, 1939, in such capacity that the several three plaintiffs were entitled to the benefits of the salary schedules on file in March 1931 insofar as said salary schedules related to the position of clerical assistant." Section 889 of the Education Law (L. 1919, ch. 645, as amd. by L. 1930, ch. 530, L. 1931, ch. 540) requires that the compensation of employees of the administrative staffs of the Board of Higher Education shall be not less than the salaries and salary increments fixed by schedules and schedule conditions adopted by the board and filed in the office of the State Commissioner of Education. Such schedules were filed by the Board of Higher Education in 1927, establishing the salary and salary increments for a position designated as that of " Clerical Assistant ". These plaintiffs are endeavoring to obtain the benefit of the rates of pay thus designated for that position.

In the case of the Board of Higher Education, unlike the Board of Education (*Matter of Kearns* v. *Board of Education,* 279 N. Y. 61), the position of clerical assistant was not brought into the competitive class by the Municipal Civil Service Commission until January 1, 1940. If plaintiffs Greenman, Mantell or Kessler had previously been appointed as clerical assistants, it was lawful to continue them in that capacity without com-

petitive examination even though newcomers would have had to take and pass an examination and be among the first three on an eligible list. (*Matter of Fornara* v. *Schroeder*, 261 N. Y. 363; *Matter of Sandford* v. *Finegan*, 276 N. Y. 70; *Matter of Cook* v. *Kern*, 278 N. Y. 195; *Matter of Jampol* v. *Kern*, 280 N. Y. 659; *Matter of Rohr* v. *Kenngott*, 288 N. Y. 97.) It does not necessarily follow that these employees have acquired civil service rights as clerical assistants, if they be such. They may be subject to continuance at the will of the appointing power.

The only question in the case is whether they had respectively been appointed, in truth and in fact, as clerical assistants prior to the dates specified in the stipulation, viz., in the cases of Dorothy Greenman and Regina Kessler prior to January 1, 1940, and in the case of Ruth Mantell prior to July 1, 1939.

Special Term has held in favor of Greenman and against Mantell and Kessler, on the theory that Miss Greenman was formally promoted to the position of clerical assistant early in 1939, but that the other two were named junior assistant and temporary clerical assistant so as not to be entitled to the salary attached to that position.

The record shows that Dorothy Greenman was appointed " Fellow " in May, 1939, at a then salary of $1,150. The position of fellow was one of those enumerated in the schedule or by-law relative to salaries adopted by the Board of Trustees of the Board of Higher Education on December 15, 1927, which is made mandatory by section 889 of the Education Law. Under the rule adverted to in *Matter of Kearns* v. *Board of Education* and other cases, that the emoluments connected with a position of public employment shall be only what is established by law, regardless of whether the incumbent actually performs additional work, plaintiff Greenman is not entitled to the salary attached to the position of clerical assistant even if she performed the duties of that position, inasmuch as she had been appointed a fellow.

On the other hand, plaintiff Ruth Mantell was not given any title when she was employed in 1935, and she was officially declared a clerical assistant on June 20, 1939. It is undisputed that there has been no change in her duties, which have been those of a clerical assistant from her employment in 1935 throughout.

Plaintiff Regina Kessler likewise had no original title, but was set at the work of a clerical assistant from the time of her employment, March 1, 1938. On July 29, 1938, she received notice from the Board of Higher Education of an official designation as " Temporary Clerical Assistant ". On June 20, 1939,

she was formally described as a clerical assistant. Her work has also been that of a clerical assistant throughout.

It is not deemed to have been particularly important whether these two women were occasionally referred to as temporary clerical assistants, or by some other designation which is not mentioned in the schedules or by-law of December 15, 1927, provided that they did the work of clerical assistants. The board could not evade the effect of the schedules by assigning to an incumbent the duties of a position which is enumerated in the schedules, and then giving to the position some name which is not mentioned in the schedules. These women may have gone on a temporary basis, in the sense of becoming subject to removal at the will of the appointing power. We are not deciding that they have acquired civil service tenure of office without passing civil service examinations. Nevertheless, for so long as they are allowed to continue as clerical assistants, they are entitled to receive, subject to the stipulations, what the 1927 by-law, implemented by section 889 of the Education Law, says that they shall be paid.

. The judgment, so far as appealed from, should be reversed and judgment directed in favor of the defendant against the plaintiff-respondent Dorothy Greenman dismissing her complaint, without costs of this appeal, but in favor of the appellants, Regina Kessler and Ruth Mantell, with one bill of costs to said appellants, giving them the benefit of the rate of pay for clerical assistant in the schedules adopted December 15, 1927, and mandated by the 1931 amendment (L. 1931, ch. 540) to section 889 of the Education Law, their recoveries being regulated as to amount by the stipulation entered into in behalf of the parties in this action dated February 7, 1946.

PECK, P. J., GLENNON, DORE and VAN VOORHIS, JJ., concur; CALLAHAN, J., dissents in part and votes to affirm as to Dorothy Greenman.

Judgment, so far as appealed from, reversed and judgment directed in favor of the defendant against plaintiff-respondent Dorothy Greenman dismissing her complaint, without costs of this appeal, but in favor of the appellants, Regina Kessler and Ruth Mantell, with one bill of costs to said appellants, giving them the benefit of the rate of pay for clerical assistant in the schedules adopted December 15, 1927, and mandated by the 1931 amendment (L. 1931, ch. 540) to section 889 of the Education Law, their recoveries being regulated as to amount by the stipulation entered into on behalf of the parties in this action dated February 7, 1946. Settle order on notice.