In the Matter of Joseph Sikich, Appellant, against Michael J. Hughes, as Mayor of the City of Lackawanna, et al., Respondents.

Fourth Department, March 2, 1949.

*Francis J. Riordan* for appellant.

*Rudolph S. Weinstein, Corporation Counsel,* for other respondents.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *John R. Davison, Assistant Attorney-General,* of counsel), for Members of State Civil Service Commission, respondents.

McCURN, J. This appeal is from an order dismissing appellant's petition in a proceeding under article 78 of the Civil Practice Act for an order directing the respondents to reinstate him to his position as " incinerator foreman " in the department of public works of the city of Lackawanna.

The appellant was appointed to the position of " Chief Incinerator Operator " on January 1, 1942. On August 7, 1942, the city made a contract with the State Civil Service Commission whereby the commission undertook to make a survey and to prepare and submit classification and compensation plans for all positions in the city of Lackawanna pursuant to subdivision 8 of section 11 of the Civil Service Law. The commission on April 16, 1943, after completing its survey submitted its classification plan for the positions in the civil service of the city of Lackawanna and such plan was adopted on November 17, 1943, and the rules of the Municipal Civil Service Commission amended to conform therewith on December 30, 1943. Under the newly adopted classification plan and under the Municipal Civil Service Rules as amended the title of appellant's position was changed from " Chief Incinerator Operator " to " Incinerator Foreman " and was listed in the competitive class.

The appellant was one of those who had not taken either a competitive or qualifying examination at the time he was appointed to his position and did not take an examination after the reclassification. He was demoted and later discharged without charges having been preferred against him.

On a former appeal (270 App. Div. 1072) the record was not clear as to whether the appellant had been performing the same duties or occupying the same position prior to January 1,

1942, under the title of " street inspector." The order appealed from at that time was reversed and the " matter remitted to the Special Term to take proof as to whether petitioner's position and duties as street inspector qualified him under resolution of the State Civil Service Commission dated February 7, 1941." On the present record it appears, and the Special Term has found, that the appellant was never employed as a street inspector and that his employment in the capacity of Chief Operator, Incinerator Plant, commenced on January 1, 1942.

The State Civil Service Commission by its resolution of February 7, 1941, promulgated a so-called " covering in " rule. The rule provides in substance that whenever a municipality shall have agreed upon a classification and compensation survey to be made by the State Civil Service Commission, that all employees of said municipality who have been continuously employed in competitive class positions for one year immediately preceding the date of such agreement shall, on and after the date the classification plan is adopted, be deemed competitive class employees with all the rights and privileges accorded to competitive class employees by the Constitution and laws of the State of New York, and by the charter and local laws and ordinances of such municipality. The substance of the State Civil Service rule was incorporated into and made a part of the local civil service rules at the time of their amendment on December 30, 1943.

The appellant attacks the validity of the State Civil Service rule and of its counter part in the amended Municipal Civil Service rules of the city of Lackawanna. Since the appellant was employed in his position for a period of less than one year immediately prior to the date of the agreement for the classification survey, to wit: seven months and seven days, he obviously does not come within the terms of the " covering in " resolution and his status is not affected thereby. He was not " covered out " as he suggests. His status is the same as it would have been if the " covering in " rule had never been promulgated, and remains the same whether the " covering in " rules be declared valid or invalid. Since the question of appellant's right to be restored to his position involves no issue as to the validity of the rules in question we do not pass upon their validity.

The sole issue is whether appellant was legally appointed in the first instance. If he was, his tenure is secure. (*Matter of*

*Fornara* v. *Schroeder,* 261 N. Y. 363.) If he was not legally appointed in the first instance he has no legal right to the position and is subject to removal at will (*Matter of Scahill* v. *Drzewucki,* 269 N. Y. 343; *Palmer* v. *Board of Education,* 276 N. Y. 222; *Matter of Wolff* v. *Hodson,* 285 N. Y. 197). Such cases as *Matter of Fornara* v. *Schroeder* (261 N. Y. 363, *supra*), *Matter of Sandford* v. *Finegan* (276 N. Y. 70), and *Matter of Cook* v. *Kern* (278 N. Y. 195), upholding an employee's right to be transferred to a new classification with all the rights and privileges of that class, are based upon tenure acquired by a legal appointment in the first instance.

The Civil Service Rules had been extended to the City of Lackawanna some years prior to appellant's appointment. The Municipal Civil Service Rules at the time incorporated within the classified service the competitive class, the labor class and the exempt class and the noncompetitive class. Appellant's position was not specifically listed in any class. The appellant claims here that he was appointed from the labor class. The rule provided at the time that the labor class is to include laborers, cartmen and teamsters and all persons employed as laborers or day workmen " but no position shall be deemed to be in the labor class unless it shall be shown to the satisfaction of the commission that such position or employment is clearly that of a laborer or day workman." Rule XXXIX of the Municipal Civil Service Rules, however, provided that " The Competitive Class shall also include all additional positions not specifically included in the Exempt Class or in the Non-competitive Class or Labor Class." A reasonable construction of the rules places the position held by the appellant in the competitive class (see Civil Service Law, § 14; *Murray* v. *Kaplan,* 206 App. Div. 202, 204–205). Moreover, the duties of the position of incinerator foreman indicates that it was not a laborer's position. It was a position of responsibility requiring knowledge and skill.

Since appellant's employment was clearly in the competitive class he was required to satisfy the test of merit and fitness by competitive examination. This he did not do. His appointment in the first instance was illegal and since he does not come within any " covering in " statute or rule he was subject to discharge at will.

The appellant makes the point that since the respondents' answer contains no allegation that the original appointment was illegal, respondents should be deemed to have waived that defense. The respondents were without power to waive the

defense of illegal appointment and whether the legality is challenged or not, the court must refuse to sanction an appointment which violates the Constitution (*Palmer* v. *Board of Education,* 276 N. Y. 222, 225–226, *supra*).

The order appealed from should be affirmed, without costs.

All concur. Present — TAYLOR, P. J., McCURN, LOVE, KIMBALL and PIPER, JJ.

Order affirmed, without costs of this appeal to any party.