In the Matter of JOHN J. PURCELL, Appellant, *v.* H. ELIOT KAPLAN et al., Constituting the State Civil Service Commission, et al., Respondents.

Third Department, May 4, 1962.

*De Graff, Foy, Conway & Holt-Harris* (*John T. De Graff* and *Harry W. Albright, Jr.*, of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Paxton Blair* of counsel), for respondents.

BERGAN, P. J.   On July 30, 1959 petitioner Purcell occupied the position of Director of Miscellaneous Taxes in the State Department of Taxation and Finance.  This position was then in the exempt class of the civil service.  On that day he was removed from the position by the department; returned to his former position as Assistant Director of Miscellaneous Taxes, in the competitive class; and Gerald E. Rowley was appointed as Director of Miscellaneous Taxes, the exempt class position thus made vacant.

It is not disputed that petitioner was lawfully removed from his exempt position on July 30, 1959.  The problem presented is whether his successor has been permanently appointed; or whether a competitive examination must now be held in order that the position which petitioner occupied be filled by a permanent successor.

Although petitioner neither challenges the power to remove him from the exempt position, nor contends that he has a present right to appointment, he shows a sufficient legal interest in the issue to maintain this proceeding, since, if there must be a competitive examination to fill it permanently, petitioner, who has held the position of Director of Miscellaneous Taxes for about three years had had some years of service as assistant director and would normally be a competitive contender for it.

On the date petitioner was removed and the position became vacant, subdivision 2 of section 41 of the Civil Service Law (as added by L. 1958, ch. 790, eff. April 1, 1959) provided that " [u]pon the occurrence of a vacancy in any position in the exempt class " the State Civil Service Commission " shall study and evaluate such position and, within four months after the occurrence of such vacancy, shall determine whether such position, as then constituted, is properly classified in the exempt class.  Pending such determination, said position shall not be filled, except on a temporary basis."

Thus, at the time of Rowley's appointment to succeed petitioner, the position, still in the exempt class, could be " filled " only on " a temporary basis ".  This limitation on appointment

" except on a temporary basis " continued, as the statute provided, until the State Civil Service Commission " shall determine " whether the position is " properly classified " as an exempt class position.

Within four months of the vacancy of July 30, 1959 the State Civil Service Commission made two determinations in respect of the position — both on the same day, October 22, 1959. One was, as it advised the Department of Taxation and Finance, that it had " approved " the reclassification of the position " from the exempt class to the competitive class " and, as its resolution provided, it deleted the classification of the position in the exempt class " for the purpose of transferring " it " to the competitive class ". This change in classification was made expressly " subject to the approval of the Governor ".

The other determination of October 22, 1959, as the Civil Service Commission advised the Department of Taxation and Finance, was that it had " reviewed " the classification of this " vacant exempt class " position and " approved the filling " of the position under its present title. Thereupon, the official roster card of the department shows that Rowley, whose July 30 appointment had been marked " temporary " was on November 5, 1959 marked " permanent ".

The " study " and evaluation by the Civil Service Commission of the position in the exempt class required by subdivision 2 of section 41 of the Civil Service Law was thus completed within four months of the vacancy of July 30, i.e., on October 22, and a determination made that it ought to be in the competitive class; but the completion of the study and the resolution of the commission did not themselves change the classification.

Not only was the resolution of reclassification made expressly subject to approval of the Governor; but the statute required such gubernatorial approval before reclassification could become effective (Civil Service Law, § 6, subd. 1). The Governor approved the October 22 resolution on January 12, 1960; it was filed with the Secretary of State on February 4, 1960; and this became the effective date of the reclassification.

The essential question presented is whether, the study by the commission of the exempt class position having been completed within the statutory time, and the commission having concluded that exempt classification should be changed to competitive, but the change not then being effective because the commission was without power to effect it alone, the position could be filled by permanent exempt-class appointment with the commission's approval.

A literal reading of subdivision 2 of section 41 makes it possible to say that the suspension of power to fill the vacancy permanently lasts only until the Civil Service Commission has completed its study and evaluation; and, perhaps, although it seems unnecessary in this case to reach that question, after four months in which the commission ought to have completed study.

Here the study was completed and the evaluation was made well within four months. The suspension on the power to fill the vacancy, except temporarily, so the statute says, lasted " [p]ending such determination ". The statute does not say, and it does not necessarily imply, that if the study of the commission leads to a determination that the position should be reclassified but the reclassification is not effective, the suspension of the power of permanent appointment continues beyond this period until there may be gubernatorial approval or disapproval.

The Legislature necessarily had in view the fact that a reclassification by the Civil Service Commission subject to gubernatorial approval did not itself change an exempt position into a competitive one.

The process required by subdivision 1 of section 6 of the Civil Service Law, requiring the Governor's approval, was clearly spelled out; there was no certainty that the Governor, who must exercise an independent judgment in this area, would approve the commission's resolution; or how long it would take if he did.

Thus it seems reasonable to think that when the statutory interdiction on permanent appointment was by the literal terms of the statute ended, and the position still remaining classified as exempt, the appointing officer had the power to fill it by an exempt-class appointment; or, under a familiar rule, the appointee of July 30 became a permanent appointee in the exempt class, continuing in lawful occupancy of a position later reclassified in the competitive class. (*Matter of Fornara* v. *Schroeder*, 261 N. Y. 363; *Matter of Sanford* v. *Finegan*, 276 N. Y. 70; cf. *Matter of Battaglia* v. *Morton*, 272 App. Div. 372, affd. 299 N. Y. 746.)

Further, the " study " and evaluation by the Civil Service Commission pursuant to subdivision 2 of section 41 led, essentially, to a dual and simultaneous determination that if the Governor should later approve, the position should be reclassified; but that presently, the position continuing then (Oct. 22, 1959) in the exempt class, it could lawfully be filled permanently in that class.

This, quite as much as the resolution for reclassification, seems to lie within the scope of the commission's duty to "determine" whether the position is "properly" in the exempt class. The actual authorization for permanent appointment is itself a determination resulting from a study and evaluation.

This is the total effect of the construction of their own power by the appropriate agencies of the State charged with the duties of making classifications and appointments under the statute. We think the decision at Special Term sustaining this power is not an unreasonable view of the case.

The order should be affirmed, without costs.

Coon, Gibson, Herlihy and Taylor, JJ., concur.

Order affirmed, without costs.