*1102 OPINION OF THE COURT
Frank Composto, J.
Petitioners in this CPLR article 78 proceeding seek an order vacating and annulling the actions of the respondents removing petitioner Vancheri from his position as principal of P.S. 401 in Queens on July 21, 1978, and reinstating petitioner to that position.
Petitioner Vancheri had served in various titles as head of schools for handicapped children. He had been granted tenure as an assistant principal and under that license was assigned as acting junior principal first at P.S. 138 and then at P.S. 401.
Respondents terminated petitioner’s employment as principal of P.S. 401 in Queens at the end of his probationary period after the board of education determined not to grant him tenure. Petitioner was then reassigned to another position under his previously held license as an assistant principal.
When petitioner was assigned as acting principal of P.S. 401, he sought to protect his tenure rights as assistant principal under board of education by-law 329(e) and by reaching an independent agreement with the then assistant superintendent that the new assignment was "to be considered an assignment continuous with your present one”. On September 12, 1974, petitioner accepted appointment as the licensed principal of P.S. 401 and subsequently, on July 24, 1975, with the enactment of a new tenure law, began serving a probationary period. At the end of this period petitioner was denied tenure. Petitioner does not challenge the decision denying him tenure for the position of principal, but instead argues that under the cover-in provisions of by-law 329, and his agreement with the then assistant superintendent, he received a permanent appointment in 1970.
Respondents challenge the right of the former assistant superintendent to have made an agreement with the petitioner guaranteeing petitioner’s tenure. Respondents challenge also the legal enforceability and constitutionality of that agreement, and allege that the public policy of New York State was violated in that the agreement ceded the necessary flexibility to discharge supervisory employees for good cause.
On May 7, 1970, the board of education adopted by-laws 329(e-g) which established licenses for principals of three types of special education schools. By-law 329(e) stated that "assist *1103 ant principals * * * who shall have served as heads of these special schools for a minimum of three years * * * shall continue to serve until such time as the position is vacated or abolished”. Respondent admits that petitioner was an intended beneficiary of by-law 329(e), but only as long as petitioner continued to serve in an acting capacity as head of P.S. 138, Manhattan, under his assistant principal license. The respondent contends further that the enactment of by-law 329 was unconstitutional because it allegedly usurped from the Civil Service Commission the latter’s authority to determine qualifications for permanent appointment to civil service positions, and that in Matter of Mandle v Brown (5 NY2d 51), the court held that a reclassification which upgraded persons in the classified service without a promotional examination did not violate section 6 of article V of the State Constitution. The court held that reclassification which "conforms the civil service structure to the realities which obtained in the operation of the agency prior to reclassification” is valid (Matter of Mandle v Brown, 5 NY2d 51, 64, supra).
This case demonstrates that there is no merit in respondents’ contentions first, that the by-law provisions, requiring petitioner to be continued in his position as head of P.S. 401, Queens, until such position is abolished or vacated, is in violation of section 6 of article V of the Constitution, and second, that the transfer agreement between petitioner and Assistant Superintendent Hart and the chancellor was in violation of that same constitutional provision.
In Matter of Sandford v Finegan (276 NY 70), the respondent Civil Service Commission sought to challenge the status of a municipal employee who was held over in his position at the expiration of his term. The position had been transferred from the exempt class to a competitive one. A statute protecting the job status of that employee was similar in nature to the board of education by-law which gave petitioner Vancheri tenure, and both provisions were attacked on the basis that they violated the State constitutional provision which required that "[appointments and promotions in the civil service * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which * * * shall be competitive”. The Court of Appeals held that continuance in office was legal, and that the restoration of the petitioner was not prohibited by the Constitution.
Subsequent to his assignment to P.S. 401, the petitioner, to *1104 improve his professional portfolio, obtained three principal licenses. Respondents contend that Vancheri obtained these licenses because he was aware of the difficulties with his status. To uphold respondent’s position would mean concluding that petitioner should be penalized for improving his professional capabilities. If Vancheri was aware that successfully passing these examinations for principal could result paradoxically in the diminution of his status, it is obvious that he would not have taken these examinations.
Respondent cites Matter of Board of Educ. v Nyquist (31 NY2d 468), as being directly in point. In that case a licensed assistant principal accepted the position of acting principal and subsequently failed to pass written examinations for principal. Because of her excellent job performance for a time greater than the three-year probationary period, she was granted a permanent appointment as principal by the Commissioner of Education of the State of New York. Vancheri, in contrast, not only served far longer as principal of P.S. 401, but had passed various written examinations, including those for principal of schools for both the physically handicapped and emotionally disturbed. The qualifications obtained by petitioner Vancheri are thus distinguished from those of the principal in the case of Matter of Board of Educ. v Nyquist, supra.
Despite petitioner’s length of service, the various examinations he passed (including a variety of on the job evaluations), the enactment of by-law 329, and the written agreement with the former superintendent, respondent now contends that the petitioner is not entitled to tenure. Nine years after Vancheri commenced his position as principal, he is entitled to apply the doctrine of equitable estoppel against the board of education. This doctrine may be applied against governmental units. (See Planet Constr. Corp. v Board of Educ., 7 NY2d 381; Matter of Moritz v Board of Educ., 60 AD2d 161.) He has relied on the actions of the board of education and its representatives and has acted upon that reliance.
It is thus the opinion of this court that the chancellor had no basis in law to oust petitioner from his position as principal of P.S. 401, as petitioner had received a permanent appointment in 1970 by virtue of board of education by-law 329.