In the Matter of WILLIAM SCAHILL, Respondent, against
VALENTINE F. DRZEWUCKI et al., as Members of the
Board of Education of Union Free School District
No. 6 of the City of Lackawanna, Appellants.

In the Matter of PETER McGOVERN, Respondent, against
VALENTINE F. DRZEWUCKI et al., as Members of the
Board of Education of Union Free School District
No. 6 of the City of Lackwanna, Appellants.

(Argued November 19, 1935; decided January 7, 1936.)

*John J. Sullivan, Albert M. Kraus* and *John J. Sullivan, Jr.*, for appellants. The positions are subject to civil service regulation in the competitive class. (Cons. Laws, ch. 7, §§ 2 and 9; *Matter of McCarthy*, 106 Misc. Rep. 193.) For a person to be duly qualified for a position in the competitive class under civil service regulations, the regulations must be observed. (*Rowley* v. *Rochester*, 34 Misc. Rep. 291; *People ex rel. Davie* v. *Lynch*, 164 App. Div. 517; *People ex rel. Moriarty* v. *Creelman*, 152 App. Div. 147; *Chittenden* v. *Wurster*, 152 N. Y. 345.) One who asserts title to a position in the civil service must be qualified. (*People ex rel. Hannan* v. *Board of Health*, 153 N. Y. 513; *People ex rel. Krushinsky* v. *Martin*, 36 N. Y. Supp. 851; *Matter of Walsh*, 239 App. Div. 757; *Matter of Meehan* v. *Flaherty*, 119 App. Div. 128.)

*Everette H. Hunt* for respondents. Appointments to positions in the civil service are not absolutely dependent on examinations. (N. Y. Const. art. 5, § 9.) The original appointment of the petitioners to administrative positions in the school system was valid. (*Culp* v. *City*

*of New York*, 146 App. Div. 326.) Subdivision 2-a of section 872 of the Education Law (Cons. Laws, ch. 16) supersedes the Civil Service Law (Cons. Laws, ch. 7) if there be a conflict. (*Berlinbach* v. *Bischoff*, 137 Misc. Rep. 719.) The petitioners, having been dismissed without charges having been preferred and a hearing held, are entitled to reinstatement and back salary. (Cons. Laws, ch. 16, § 872, subd. 2-a.)

CROUCH, J. On July 6, 1922, the Board of Education of Union Free School District No. 6 of the city of Lackawanna appointed the petitioner Scahill school mechanic, and the petitioner McGovern school mechanic's helper. The petitioners continued to serve in those positions until January 15, 1934, when they were summarily removed by the Board of Education. In mandamus proceedings for reinstatement, alternative orders have been granted by the Special Term and affirmed by the Appellate Division. In each proceeding there has been certified to this court the following question: " Is the petitioner entitled to reinstatement as matter of law? "

All relevant law is so fully presented and argued in the two conflicting opinions below as to render unnecessary more than a brief statement of the reasons for our decision.

It seems to be conceded and, in any event, there can be no doubt, that the two positions were and still are within the competitive class of the classified civil service, and, therefore, subject to the applicable provisions of the Civil Service Law (Cons. Laws, ch. 7) and rules. (Cf., *inter alia*, Civil Service Law, §§ 2, 9, 14; Rule IV, subd. 2; Rule VIII.)

It is also conceded that neither petitioner ever took a civil service examination nor was either one ever certified for appointment by a Civil Service Commission. No eligible list was ever prepared nor, so far as appears, was its preparation ever requested. Neither petitioner was shown to have been specially exempted from examination.

The claim of the petitioners, as set forth in the petitions, seems to rest on the assumption that the Civil Service Law did not apply to administrative employees of a board of education, except so far as that law and the regulations based thereon fixed a probationary period; and that having served the required probationary period, the petitioners, under the provisions of subdivision 2-a of section 872 of the Education Law (Cons. Laws, ch. 16), were entitled to hold their positions during good behavior, etc. The assumption was unwarranted. The claim now made is that they were legally appointed under the Constitution and the Civil Service Law, since the State Civil Service Commission had held that it was impracticable to determine merit and fitness for such positions by examination. The fact of such holding is not alleged in the petitions but appears incidentally as a hearsay statement twice removed in a supporting affidavit. Even though we consider the statement as an allegation the denial of which raises an issue of fact, the case for the petitioners is not saved. We may grant the truth of the fact alleged, and yet hold, as we do, that the determination of the Commission was subject to judicial review within the limits stated in *People ex rel. Schau* v. *McWilliams* (185 N. Y. 92), and that the positions were clearly of a kind where merit and fitness were capable of ascertainment by examination.

Under the conceded facts, therefore, the petitioners must fail. The appointments were not made in accordance with the provisions of the Constitution and the Civil Service Law and regulations. Having no legal rights, the petitioners were subject to removal at will. (*People ex rel. Hannan* v. *Board of Health*, 153 N. Y. 513.)

In each case, the orders should be reversed, with costs in all courts, and the petition dismissed. The question certified should be answered in the negative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Orders reversed, etc.