CALVIN D. PALMER, Respondent, *v.* THE BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 2, TOWN OF GEDDES, ONONDAGA COUNTY, NEW YORK, Appellant.

Fourth Department, March 10, 1937.

*Dodd, Lessen & Ginnelly* [*Ambrose D. Ginnelly* of counsel], for the appellant.

*Stilwell, Viall, Styron & True* [*Gustav P. Blaustein* of counsel], for the respondent.

CUNNINGHAM, J.  The respondent was hired by the appellant to do carpenter and repair work on schools in Union Free School District No. 2, town of Geddes, Onondaga county, N. Y.  He claims that he was hired for a term of one year from July 1, 1926, and that he continued in such employment until the 13th day of August, 1932, when he was discharged.  He received compensation for the month of August, 1932.  It is his contention that by reason of his retention in the employment, a new contract for a term of one year arose at the commencement of each subsequent yearly period.  This appeal has been taken from the judgment which awards to the respondent the amount that would have been due him if he had remained in the employment until July 1, 1933, the time he asserts his last yearly contract terminated.

The respondent relies upon *Lorenz* v. *Board of Education of Union Free School District No. 9, Town of Greenburgh* (264 N. Y. 591, decided without opinion), in which a superintendent of buildings, who had been employed for a term of one year and was discharged shortly after the commencement of such term, was allowed to recover compensation for the full year.

As opposed to this, the appellant claims that respondent was not appointed from a civil service list, that he had no legal right to his position and was subject to removal at will.  The appellant is right in this contention provided the position respondent held is in the competitive class of the civil service.  (*Matter of Scahill* v. *Drzewucki*, 269 N. Y. 343.)

It becomes necessary to examine that question.  At the outset it may be noted that in *Lorenz* v. *Board of Education* (*supra*) the question as to whether the Civil Service Law applied to the position of janitor, was not raised or discussed in the briefs submitted by the parties in that action.  Assuming, therefore, that the court did not pass upon this question, that case cannot be held to be a controlling authority in the present action.

The Constitution provides that " Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive;  *  *  *  Laws shall be made to provide for the enforcement of this section." (State Const. art. 5, § 6.)

The Civil Service Law was adopted pursuant to the provision of the Constitution. It provides that "The ' civil service ' of the State of New York or any of its civil divisions or cities includes all offices and positions of trust or employment in the service of the State or of such civil division or city, except such offices and positions in the militia and military departments as are or may be created under the provisions of article eleven of the Constitution." (Civil Service Law, § 2, subd. 3.)

If a school district be a civil division of the State within the meaning of the Constitution, then respondent could secure his appointment only after a competitive examination. (*Matter of Scahill* v. *Drzewucki, supra.*)

In that case the positions involved were school mechanic and school mechanic's helper. The court said:

" The claim of the petitioners, as set forth in the petitions, seems to rest on the assumption that the Civil Service Law did not apply to administrative employees of a board of education, except so far as that law and the regulations based thereon fixed a probationary period; and that having served the required probationary period, the petitioners, under the provisions of subdivision 2-a of section 872 of the Education Law (Cons. Laws, ch. 16), were entitled to hold their positions during good behavior, etc. The assumption was unwarranted. The claim now made is that they were legally appointed under the Constitution and the Civil Service Law, since the State Civil Service Commission had held that it was impracticable to determine merit and fitness for such positions by examination. * * * We may grant the truth of the fact alleged, and yet hold, as we do, that the determination of the Commission was subject to judicial review within the limits stated in *People ex rel. Schau* v. *McWilliams* (185 N. Y. 92), and that the positions were clearly of a kind where merit and fitness were capable of ascertainment by examination.

" Under the conceded facts, therefore, the petitioners must fail. The appointments were not made in accordance with the provisions of the Constitution and the Civil Service Law and regulations. Having no legal rights, the petitioners were subject to removal at will. (*People ex rel. Hannan* v. *Board of Health*, 153 N. Y. 513.) "

This case is sought to be distinguished on the ground that the union free school district involved therein was within the limits of a city, and that the decision does not apply to union free school districts in towns. That contention raises the question as to whether a union free school district in a town is a civil division of the State within the meaning of the civil service provision of the Constitution and the Civil Service Law.

It is made the duty of the Legislature to " provide for the maintenance and support of a system of free common schools, wherein all the children of this State may be educated." (State Const. art. 9, § 1.)

This duty is thus a State function and the powers and duties necessary to exercise this function have been conferred and placed upon the board of education and trustees of school districts. (Education Law.)

Evidently the respondent would limit the application of this civil service requirement of the Constitution to counties, towns, cities and villages. There is not apparent any reason why a distinction should be made between the appointment of a mechanic in a city school and the appointment of a like employee in a school in a district outside of a city.

The Legislature appears to have intended that the Civil Service Law should apply to employment in the schools of the State as it has placed in the unclassified service " superintendents, principals or teachers in a public school." (Civil Service Law, § 9.)

It has been held that a school district is a civil division of the State. (*Herman* v. *Board of Education, Union School District No. 8, Town of Arcadia,* 234 N. Y. 196, 202; *Smith* v. *Donahue,* 202 App. Div. 656, 658.)

There are more than 10,000 school districts in the State and it has been held that a central school district may include portions of two counties. (*Gardner* v. *Ginther,* 232 App. Div. 296; affd., 257 N. Y. 578.)

The position held by the respondent could have been filled from a list prepared after competitive examination; therefore, it follows that his appointment was illegal and he was subject to discharge at any time. (*Matter of Scahill* v. *Drzewucki, supra.*)

Therefore, the judgment and order appealed from should be reversed upon the law, with costs, and the complaint dismissed, with costs.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and CUNNINGHAM, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.