CALVIN D. PALMER, Appellant, *v.* BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 2, TOWN OF GEDDES, Respondent.

Argued October 18, 1937; decided November 23, 1937.

*Gustav P. Blaustein* for appellant. The decision of the Appellate Division is erroneous. (*Lorenz* v. *Board of Education*, 264 N. Y. 591.) The civil service regulations have never been extended to any school district outside of a city. (*Chittenden* v. *Wurster*, 152 N. Y. 345; *Matter of Carow* v. *Board of Education*, 272 N. Y. 341; *People ex rel. Burlingame* v. *Hayward*, 19 App. Div. 46; *People ex rel. McAvoy* v. *School Board*, 43 App. Div. 613; *Matter of Halligan* v. *Runkle*, 174 App. Div. 497; *Matter of Sugden* v. *Partridge*, 174 N. Y. 87.) Plaintiff's contract was valid and enforcible. (*Lorenz* v. *Board of Education*, 264 N. Y. 591; *McBride* v. *City of New York*, 56 App. Div. 520; *Purcell* v. *Long Island City*, 91 Hun, 271; *Bell* v. *City of New York*, 46 App. Div. 195; *People ex rel. McCullough* v. *Snyder*, 106 App. Div. 28.) The question of civil service was improperly raised by the Appellate Division. (*Phelps-Stokes Estates* v. *Nixon*, 222 N. Y. 93; *Brearton* v. *De Witt*, 252 N. Y. 495; *Matter of Neubeck* v. *Bard*, 275 N. Y. 43; *Milbank* v. *Jones*, 127 N. Y. 370; *Ramme* v. *Long Island R. R. Co.*, 226 N. Y. 327; *Adams* v. *Irving Nat. Bank*, 116 N. Y. 606; *Beck* v. *Bauman*, 187 App. Div. 774; *City of New York* v. *Consolidated Tel. & El. Subway Co.*, 196 App. Div. 689; *Matter of Yeannakopoulos*, 195 App. Div. 261; *Village of Bolivar* v. *Bolivar Water Co.*, 62 App. Div. 484.)

*Ambrose D. Ginnelly* for respondent. The defendant union free school district is a civil division of the State within the meaning of section 6 of article 5 of the Constitution and the Civil Service Law (Cons. Laws, ch. 7). (*Herman* v. *Board of Education*, 234 N. Y. 196; *Smith* v. *Donahue*, 202 App. Div. 656; *Matter of Fink* v. *Finegan*,

270 N. Y. 356; *Scahill* v. *Drzewucki*, 269 N. Y. 343.) The alleged contract of employment never came into existence. (*Donovan* v. *Mayor*, 33 N. Y. 291; *Dickinson* v. *City of Poughkeepsie*, 75 N. Y. 65; *Wittmer* v. *City of New York*, 50 App. Div. 482; *McDonald* v. *Mayor*, 68 N. Y. 23; *People* v. *Hicks*, 173 App. Div. 338; 221 N. Y. 503; *Matter of Scahill* v. *Drzewucki*, 269 N. Y. 343; *Matter of Keymer*, 148 N. Y. 219; *Chittenden* v. *Wurster*, 152 N. Y. 345; *People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *People ex rel. McClelland* v. *Roberts*, 148 N. Y. 360.) The Appellate Division properly raised the question of civil service. (*Barry* v. *Mulhall*, 162 App. Div. 749; *Dunham* v. *Hastings Pavement Co.*, 56 App. Div. 244; *Sprague* v. *Webb*, 168 App. Div. 292; *Drake* v. *Lauer*, 93 App. Div. 86; 182 N. Y. 533; *Doucet* v. *Massachusetts Bonding & Ins. Co.*, 180 App. Div. 599; *Barlow* v. *Berry*, 245 N. Y. 500; *Matter of Sanger* v. *Greene*, 269 N. Y. 33; *Matter of Barthelmess* v. *Cukor*, 231 N. Y. 435; *Matter of Ottinger* v. *Civil Service Comm.*, 240 N. Y. 435.)

*Alexander J. Brown, amicus curiæ.* The Appellate Division properly raised the question of civil service. (*Scahill* v. *Drzewucki*, 269 N. Y. 343.) A school district is a civil division of the State. (*Herman* v. *Board of Education*, 234 N. Y. 196; *People ex rel. Burlingame* v. *Hayward*, 19 App. Div. 46.)

LEHMAN, J. The plaintiff performed work for the defendant as a carpenter from about July 1, 1926, to August 13, 1932. Then he was discharged. While working for the defendant he received wages or salary, at first, at the rate of $200 per month, and, since August 1, 1928, at the rate of $2,500 per year. He was paid for the month of August, 1932. Alleging in his complaint that he was employed under a contract for the term of one year from July 1, 1926, and that each succeeding year his contract was renewed for another annual term, he has brought this action to recover the salary he would have

earned until July 1, 1933, if he had not been discharged. The defendant denied that the plaintiff was employed for an annual term, and at the trial the defendant was permitted to amend its answer by pleading affirmatively that the discharge was justified. The jury decided all disputed questions of fact in favor of the plaintiff, and judgment as demanded in the complaint was entered upon the verdict of the jury.

The plaintiff has at no time taken any examination, either competitive or qualifying, to show his fitness for appointment to a position as carpenter in the employ of the defendant Union Free School District. The Constitution of the State of New York provides that " appointments  *  *  *  in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive." (Art. V, § 6.) The Appellate Division has held that the contract of employment upon which this action is based would, if made as alleged, violate the mandate of the Constitution, and on that ground has reversed the judgment and has dismissed the complaint.

The defendant did not in its answer plead that the alleged contract was illegal nor did it ask the Appellate Division to reverse the judgment against it on that ground. The court itself raised that question, but rendered its decision only after both parties had been afforded opportunity to present argument upon it. Though there is no affirmative evidence in the record that the plaintiff did not take any examination or that the position of carpenter was not placed in the exempt class by the Civil Service Commission, the complaint is based upon the assumption that the constitutional provision does not apply to the position which the plaintiff held; the trial was conducted upon the same assumption and upon the appeals to the Appellate Division and to this court it was not disputed

that there has been no compliance with that provision. By placing this provision in the Constitution the People of the State have declared in unmistakable terms that merit, ascertained as therein provided, shall govern appointments and promotions in the public service, and have thus formulated and announced the public policy of the State. No administrative officer may violate the provisions of the Constitution, and no court may sanction a violation. Administrative officers may at times through inadvertence disregard a mandate of a statute or even of the Constitution. When redress is sought in the courts for an alleged wrongful discharge or removal of an employee of the State or one of its civil divisions, the court, too, may fail to note that the employment was illegal from its inception, unless the legality of the employment is challenged by the defendant. An employment which in its inception violates the provisions of the Constitution is illegal and against public policy, regardless of the good faith of the parties. It is the duty of the appropriate administrative officers of the State or its civil divisions to discontinue an illegal employment when they note its illegality, and if rights based upon such employment are asserted in the courts, the legality of the appointment should not go unchallenged by public officers; but regardless of whether the legality is challenged or not, a court must refuse to sanction such an employment which violates the mandate of the Constitution whenever the illegality becomes apparent to it. In such case the defense cannot be waived by the defendant. " The defence is allowed, not for the sake of the defendant, but of the law itself. * * * It will not enforce what it has forbidden and denounced." (*Coppell* v. *Hull*, 74 U. S. 542, 558; *Oscanyan* v. *Arms Co.*, 103 U. S. 261; *Drake* v. *Lauer*, 93 App. Div. 86; 182 N. Y. 533.)

The primary question, then, in this case is whether the employment of the plaintiff is an " appointment in the civil service " of one of the " civil divisions " of the State,

within the meaning of article V, section 6, of the Constitution. In *Herman* v. *Board of Education* (234 N. Y. 196, 202, opinion by POUND, J.) this court said: "The school district is a civil division of the State. It may act only through its officers and agents." In that case the court was considering the responsibility of the agents and officers of the "civil division;" what it said had reference to that question only; it was not considering whether employment by the officers or agents of the "civil division" was an "appointment" included in the scope of the civil service provisions of the Constitution. In *Matter of Scahill* v. *Drzewucki* (269 N. Y. 343, 346, opinion by CROUCH, J.) that question was more directly presented, and this court there said that administrative employees of a board of education must be appointed "in accordance with the provisions of the Constitution and the Civil Service Law and regulations. Having no legal rights, the petitioners were subject to removal at will." The respondents upon this appeal lean heavily upon that case.

The defendant in that case was the Board of Education of Union Free School District No. 6 of the *City of Lackawanna*. The Education Law (Cons. Laws, ch. 16), article 33-A, regulates the organization and proceedings of Boards of Education in *cities* of the State, and section 872 (subd. 2-a) of that article provides, in part, that "administrative employees of a board of education, unless otherwise provided in this chapter, shall be appointed for a probationary period provided in the civil service law and regulations based thereon." In this case the defendant is the board of education of a Union Free School District of a town, not a city. The Legislature in the Education Law makes such distinctions as it deems appropriate between the boards of education in a city and boards of education in a rural district. The appellant argues that neither the Education Law nor the Civil Service Law provides for examinations for appointment

to administrative positions in *rural* school districts and that the decision in *Matter of Scahill* v. *Drzewucki* (*supra*) should be distinguished on that ground and is inapplicable here.

We have pointed out often that the mandate of the Constitution applies to every position in the civil service of the State and that " the Legislature may not disregard, evade or weaken the force of that mandate." (*Matter of Carow* v. *Board of Education,* 272 N. Y. 341, 344.) In that case we said that by the Constitution " a duty was placed upon the Legislature to provide the machinery required to carry out the mandate. * * * The constitutional command remains in force, though the Legislature may choose the time and form for carrying out that command " (p. 346). We must apply here what we said in that case. Since a rural school district is a local civil division of the State in which the State through local agencies provides for the education of its inhabitants, appointments in its civil service *must* be made according to " merit and fitness." The Legislature could not change that, and since it does not appear that merit and fitness could not be ascertained by examination, it follows that it was the duty of the Legislature or the Civil Service Commission to provide for such examination. Failure of the Legislature and the Civil Service Commission to make such provision might render compliance with the constitutional mandate difficult; such failure could not render lawful a contract of employment which violates that mandate.

We may properly assume that both parties acted in good faith in making the contract. The failure of the Legislature, the Civil Service Commission and the Department of Education to provide for ascertainment of merit by examination has led local bodies to assume that appointments might be made without such examinations. Indeed, in *Lorenz* v. *Board of Education* (264 N. Y. 591) this court sustained an award of damages for breach of

a contract of employment like that which forms the subject of this action; overlooking, because the question was not raised, that like this contract it violated the constitutional mandate.

We do not even now decide whether in a case where no provision has been made for examination, a board of education might not make a temporary appointment without examination. (Cf. rule XXIV of the Rules of the State Civil Service Commission for the Classified Civil Service.) We decide only that a person holding an administrative position by appointment or contract of employment without compliance with the provisions of the Constitution, has no legal right which is violated by a discharge. If there is any right to make a temporary appointment, and we repeat that we are not now deciding whether such a right exists, it can arise only from the necessities of the situation. There can be no right to make an appointment or contract which would create a legal right of tenure where the Constitution forbids the creation of such a right.

The judgment should be affirmed, without costs. (See 276 N. Y. 682.)

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment affirmed.