In the Matter of the Application of HAROLD B. ROTHEIM, Petitioner, against ROBERT E. PATTERSON and Others, Being Mayor and Trustees, and Constituting the Board of Police Commissioners of the Village of Freeport, Nassau County, New York, and Others, Respondents.

Supreme Court, Special Term, Queens County, October 9, 1939.

*George V. Fleckenstein*, for the petitioner.

*Samuel M. Levy, Village Attorney*, for the respondents.

*Raymond F. Klaess*, for the Nassau Police Conference, *amicus curiœ.*

HOOLEY, J. This is a proceeding under article 78 of the Civil Practice Act to review a determination of the board of trustees sitting as police commissioners of the village of Freeport, which determination was made as a result of a hearing held and at which evidence was taken. The determination made was the dismissal of the petitioner as a patrolman of the police department of the village.

If the respondents had not raised a legal objection by their answer, this court could do nothing other than to make an order " directing that the proceedings be transferred for disposition to a term of the Appellate Division." (Civ. Prac. Act, § 1296, ¶ 2.)

However, the respondents contend that the petitioner was appointed without having taken a competitive examination and that his appointment was illegal because made in contravention of

section 6 of article 5 of the Constitution of the State of New York and that never having been legally appointed, petitioner could have no right to reinstatement.

It appears that prior to January 1, 1921, the board of trustees of the village of Freeport, which at said time was a village of the first class within a county of more than 300,000 population, adjoining a city of the first class, duly adopted a resolution to establish a police department in said village as of the 1st day of January, 1921, in accordance with the provisions of section 188-a of the Village Law.

At the time of the organization of said police department and at the time of petitioner's appointment in 1931 there was no reference to civil service in section 188-a although since that time, by chapter 479 of the Laws of 1936, it has been amended to read in part as follows: " The rules of the State Civil Service Commission shall be extended to such police departments and policemen and no person shall be appointed a member of any such police force except as provided in section one hundred eighty-eight-b of this chapter."

However, at the time of his appointment there was a provision in section 188-b of the Village Law, which established the qualifications of policemen under section 188-a, as follows: " In a village to which the rules of the State Civil Service Commission have been extended, no person shall be appointed a member of such police force unless he shall have passed an examination held by the State Civil Service Commission, and unless at the time of his appointment, his name shall be on the eligible list of the State Civil Service Commission."

There is nothing in either the petition or the answer to indicate whether the rules of the State Civil Service Commission have been extended to the village of Freeport. It is noted, however, that after the amendment of section 188-a in 1936 with respect to the extension of the civil service as aforesaid, an addition to rule XXIV of the Rules for Classified Civil Service was approved by the Civil Service Commission on January 5, 1937, as follows: " In pursuance of the foregoing provisions these rules have been extended to the offices, places and employments in all police departments of villages of the State established in accordance with section 188-a of the Village Law."

By chapter 479 of the Laws of 1936, section 188-l of the Village Law was amended to read in part as follows: " Village policemen who are lawfully serving as policemen in villages at the time this act takes effect, shall continue to be members of such village police department regardless of their age and shall retain the rank which they have or had at such respective times, notwithstanding the provisions of section 188-b of the Village Law."

It is apparent that if only a construction of the Village Law were involved, the court would have to hold with the petitioner as to the legality of his appointment because at the time of his appointment in 1931, section 188-a contained no reference to civil service, there is no proof in the papers that the rules of the Civil Service Commission were extended to the village of Freeport as provided under section 188-b, and of course if his services were lawful, section 188-l would seem to make his tenure permanent.

Unfortunately for petitioner, however, the basis of the decision herein must be section 6 of article 5 of the New York State Constitution and the decisions thereunder. The pertinent part of that section is as follows: " Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive."

And as was said by the Court of Appeals in *Palmer* v. *Board of Education* (276 N. Y. 222, 226): " By placing this provision in the Constitution, the People of the State have declared in unmistakable terms that merit, ascertained as therein provided, shall govern appointments and promotions in the public service, and have thus formulated and announced the public policy of the State."

The fact that the rules of the Civil Service Commission were not extended to police appointed under section 188-a of the Village Law until chapter 479 of the Laws of 1936, makes no difference as the court said in *Palmer* v. *Board of Education (supra*, 228): " Since a rural school district is a local civil division of the State in which the State through local agencies provides for the education of its inhabitants, appointments in its civil service *must* be made according to ' merit and fitness.' *The Legislature could not change that, and since it does not appear that merit and fitness could not be ascertained by examination, it follows that it was the duty of the Legislature or the Civil Service Commission to provide for such examination.*"

There can be no doubt that villages are included within the purview of section 6 of article 5 of the Constitution, because it specifically so provides. Nor can there be any doubt that the position of village policeman was and still is within the competitive class of the civil service and, therefore, subject to the applicable provisions of the Civil Service Law. (§§ 2, 9, 14; Rules for Classified Civil Service, rule IV, subd. 2; rule VIII.) Nor does it appear herein that merit and fitness could not be ascertained by examination. It has been held with respect to State police that competitive examinations are found practicable. (*Matter of Andresen* v. *Rice,* 277 N. Y. 271.) And in that case the court pointed out (at p. 279): " The State police

covers a larger territory, and State property, but their duties are the same under our criminal and penal laws, as are those of any other police officer, yet, as we know, competitive examinations are found practicable for the police force in every city within this State including the city of New York. But we do not stop here. *While we recognize that competitive examinations are thus practicable for local police forces,* we find in section 99 of this Executive Law that the employment of State police may be extended to towns, villages and police districts of the State — small units of the State — *where heretofore examinations of a competitive nature have been required for their police staffs.*" Accordingly, it was the duty of the Legislature and the Civil Service Commission to provide for such examination. (*Palmer* v. *Board of Education, supra.*) And their failure so to do does not make petitioner's employment herein legal because as was also said in *Palmer* v. *Board of Education* (*supra*): " Failure of the Legislature and the Civil Service Commission to make such provision might render compliance with the constitutional mandate difficult; such failure could not render lawful a contract of employment which violates that mandate."

The court concluded in the case of *Palmer* v. *Board of Education* (*supra*) by saying: " We decide only that a person holding an administrative position by appointment or contract of employment without compliance with the provisions of the Constitution, has no legal right which is violated by a discharge. * * * *There can be no right to make an appointment or contract which would create a legal right of tenure where the Constitution forbids the creation of such a right.*"

Another recent case on the question herein involved is *Matter of Scahill* v. *Drzewucki* (269 N. Y. 343). There the positions involved were those of school mechanic and school mechanic's helper. Each petitioner was appointed in 1922 and served until 1934 when each was summarily removed. It was conceded that neither petitioner took an examination and neither was ever certified for appointment by a civil service commission. Neither was shown to have been specially exempted from examination.

The court held as follows (at p. 346): " Under the conceded facts, therefore, the petitioners must fail. The appointments were not made in accordance with the provisions of the Constitution and the Civil Service Law and regulations. Having no legal rights, the petitioners were subject to removal at will. (*People ex rel. Hannan* v. *Board of Health*, 153 N. Y. 513.) "

The recent case of *Matter of Gainey* v. *Village of Depew* (257 App. Div. 918) presents facts which are identical to those herein with respect to the manner of the appointment of the petitioner.

The court has examined the record on appeal and the briefs in that case from which it appears that the petitioner was a police patrolman of the village of Depew, which like Freeport, is a first-class village, and which like Freeport, organized its police department under section 188-a of the Village Law. The petitioner was appointed from year to year and then he was appointed on August 18, 1930, when the department was organized as aforesaid. He had never taken any competitive examination nor had he been appointed from any civil service list. He was removed in 1937 although there were two men in the department who were his juniors with respect to date of appointment. He subsequently moved for reinstatement and his application was granted in the court below. On appeal there were only two questions presented: (1) The question of laches, with which we are not here concerned, and (2) the question of the validity of his appointment. The Appellate Division, on the authority of *Palmer* v. *Board of Education* (*supra*) and *Matter of Scahill* v. *Drzewucki* (*supra*), reversed the order of reinstatement and dismissed the petition.

This court is bound by the aforesaid decisions. In so holding it has in mind the great hardship that will come upon a vast number of policemen, especially in incorporated villages. Many of these employees have served faithfully for long years during which time they and their village employers have been of the belief that their tenure was permanent and equivalent to civil service. And during that same time the Legislature and the Civil Service Commission were apparently of the same belief because the Legislature did not amend section 188-a of the Village Law so as to provide for the extension of civil service to police departments organized thereunder until 1936 (Laws of 1936, chap. 479) and the Civil Service Commission did not extend its rules to such police departments until January 5, 1937 (Rule XXIV). Everyone concerned seemed to be of the opinion that the rules of the Civil Service Commission would not apply until expressly extended by act of the Legislature or by extension of such rules by the Civil Service Commission. That they were all wrong in their interpretation of the law can now furnish no aid or comfort to this petitioner and to those who may be in a similar position. Notwithstanding the hardship and seeming unfairness of the result, the court must follow the Constitution and the decided cases.

Accordingly the motion to dismiss the petition as a matter of law is reluctantly granted.