In the Matter of THOMAS BOOKER et al., Appellants, against GRACE A. REAVY et al., Constituting the Civil Service Commission of the State of New York, Respondents.

Argued September 26, 1939; decided October 17, 1939.

*Adrian Seligman* and *Alexander J. Brown* for appellants.

*John J. Bennett, Jr., Attorney-General (Patrick H. Clune and Everett D. Mereness* of counsel), for respondents.

CRANE, Ch. J.   An appeal has been taken to this court directly from the order of the Special Term dismissing the petition, on the ground that a constitutional question was solely involved.  We are obliged to dismiss the appeal because we can find no such question.  After our decision

in *Palmer* v. *Board of Education* (276 N. Y. 222), the petitioners, who comprise the staff of maintenance employees employed by the Union Free School District No. 2, town of Eastchester, county of Westchester, applied to the Special Term for an order to compel the State Civil Service Commission to extend the rules of the Commission to the petitioners and to place them in the competitive class, and to declare that section 10 of the Civil Service Law (Cons. Laws, ch. 7) is unconstitutional. In the first place we never held in the *Palmer* case that any one could be placed in the competitive class who had not passed a competitive examination; and we find no allegation that these petitioners have ever been examined.

Passing that point, and dealing with the constitutional question, we cannot see wherein section 10 of the Civil Service Law is unconstitutional. The State Civil Service Commission extended the rules in accordance with our decision so as to make the maintenance positions subject to competitive examination, but the Governor, for reasons which need not be stated, refused to approve of them. The courts can and should enforce the civil service provisions of the Constitution, and can make an order which the Commission will have to obey, that the positions held by the petitioners must be filled by competitive examination, and that such examination should be held within reasonable time; and this order the courts will make even without a rule of the Commission approved by the Governor; but this is far from saying that section 10 is unconstitutional. This section reads: " The commission shall from time to time make rules for the classification of the offices, places and employments in the classified service of the state, and from time to time rules for the classification of the offices, places and employments in such civil divisions thereof, * * *. Such rules and any modifications thereof, shall take effect when approved by the governor."

The fact that the Governor does not approve a rule does not make this act unconstitutional, for the Legislature had as much power to require the Governor's approval as it

had to appoint the Commission or give them the duty of making rules. The civil service provisions of the Constitution which require competitive examinations, as far as practicable, have been carried out by the Legislature in the Civil Service Law. This law provides for the appointment of Commissioners and, as has been stated, for the establishment of rules. The Legislature had power to make the Governor one of the Commission or possibly to make him the sole Commissioner. The Constitution placed no limitation upon the Legislature as to the method for enforcing the civil service rights. The Legislature was free to adopt any method so long as the places were filled by competitive examinations, when it was feasible and proper so to do. Sufficient to say that if these petitioners are entitled to take an examination for the position of school maintenance employee their remedy is to apply to the court for a mandamus to compel the Commission to hold such an examination, and to permit them, if eligible, to take it. No rule of a Commission or disapproval by the Governor can stand in the way of filling such positions by competitive examination when they are now occupied by those who have not passed such an examination. Of course, the time and the place and the conditions under which such examinations will be held are largely in the discretion, as they must be, of the Civil Service Commission, with which discretion the courts are loath to interfere.

For these reasons the appeal should be dismissed, without costs, as this case involves the construction of a statute only.

LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Appeal dismissed.