In· the Matter of the Application of MAE MADDEN and Others, as Clerical, Maintenance and Cafeteria Employees of Union Free School District No. 1, Town of Eastchester, Petitioners, Appellants, against GRACE A. REAVY and Others, Constituting the Civil Service Commission of the State of New York, Respondents, for an Order, in the Nature of Mandamus, under Article 78 of the Civil Practice Act.

Third Department, July 2, 1940.

*Alexander J. Brown* and *Joseph J. Ferone* [*Adrian Seligman* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Everett D. Mereness* and *Bernard L. Alderman, Assistant Attorneys-General*, of counsel], for the respondents.

FOSTER, J. Petitioners in this proceeding are clerical, maintenance and cafeteria employees of Union Free School District No. 1, Town of Eastchester, County of Westchester, New York. They seek an order directing the Civil Service Commission to classify positions held by them, to hold examinations therefor and to permit petitioners, as they may be eligible, to participate in such examinations. The court at Special Term has denied their application, as a matter of discretion, on the ground that there is no pressing need for judicial compulsion in the instant case, and that the administrative problem of taking care of civil service employees in all the political subdivisions of the State is complicated and difficult; that a solution of this problem is progressing under legislative direction, and relief herein should be withheld until a result can be obtained that will admit into the civil service classification thousands of employees who are now employed in local civil divisions of the State.

The positions which petitioners now hold are in the classified civil service (Civil Service Law, § 9); but petitioners are occupying these positions without having taken or passed any examination provided for by the Civil Service Law or the Rules for the Classified Civil Service. The Constitution of the State of New York provides that " appointments * * * in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive." (Art. 5, § 6.) A school district is a civil division of the State. (*Herman* v. *Board of Education*, 234 N. Y. 196.) In view of this constitutional mandate, petitioners at present have no legal rights under the Civil Service Law and are

subject to removal at will. (*Matter of Scahill* v. *Drzewucki*, 269 N. Y. 343.)

In October, 1938, petitioners applied to the State Civil Service Commission to have the rules of the Commission extended to them, and requested that they be placed in the competitive class of the classified civil service. The Commission did not grant this application, but postponed consideration thereof until the status of certain employees in another school district was finally determined. Notice of this postponement was given November 7, 1938, but it does not appear that the status of the employees of the other district was ever finally determined. Since the date of this notice the Commission has refused and neglected to act on petitioners' application. In April, 1939, petitioners instituted this proceeding under article 78 of the Civil Practice Act for relief in the nature of mandamus.

Respondents do not raise any issues as to the material allegations of the amended petition. Their denials of any knowledge or information sufficient to form a belief as to the truth of certain allegations in the petition raise no triable issues, since such allegations relate to matters of public record. The real basis of respondents' opposition rests upon the affirmative defense which is pleaded. This, in substance, is to the effect that the extension of civil service to every political subdivision of the State is a task of tremendous proportions, and that upon the recommendation of the Governor of the State a commission has been created by the Legislature to make a thorough study of the whole problem, and to formulate and submit recommendations for consideration by the Legislature; that such commission has been organized and functioning for many months and is expected to make its report within a few weeks. The answer herein was verified by one of the respondents on March 6, 1940. To date apparently no solution of the problem has been definitely formulated.

We are sensible of the task that may be involved in extending the civil service to all the political subdivisions of the State. Nevertheless we are dealing here with a mandate of the people as set forth in the fundamental and basic law. The Legislature may not disregard, evade or weaken the force of that mandate. (*Matter of Carow* v. *Board of Education*, 272 N. Y. 341.) The Court of Appeals has said (*Matter of Booker* v. *Reavy*, 281 N. Y. 318), relative to a situation quite similar: " The courts can and should enforce the civil service provisions of the Constitution, and can make an order which the Commission will have to obey, that the positions held by the petitioners must be filled by competitive examination, and that such examination should be held within reasonable time

* * *." It was also stated in the same case that mandamus was the proper remedy. Since October, 1938, the Commission has refused and neglected to act on petitioners' application. This delay violates the requirement that examinations should be formulated and held within a reasonable time. Petitioners are being deprived of a clear constitutional right for which they have no remedy except an order in the nature of mandamus.

The order of the Special Term should be reversed, with costs, and the application granted, with fifty dollars costs.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Order reversed on the law and facts, with fifty dollars costs, and application granted, with fifty dollars costs.