In the Matter of MAE MADDEN et al., Respondents, against GRACE A. REAVY et al., Constituting the Civil Service Commission of the State of New York, Appellants.

Argued November 13, 1940; decided December 31, 1940.

*John J. Bennett, Jr.,* Attorney-General (*Henry Epstein, Everett D. Mereness* and *Bernard L. Alderman* of counsel), for appellants.

*Adrian Seligman, Alexander J. Brown* and *Joseph J. Ferone* for respondents.

LEWIS, J. The petitioners-respondents, twenty-five in number, comprising the clerical, maintenance and cafeteria employees of Union Free School District No. 1 of the town of Eastchester, in Westchester county, desire to have extended to their positions the benefits of the State Civil Service Law (Cons. Laws, ch. 7). Having met with delay

in their efforts through official State agencies to accomplish that end they have instituted the present proceeding, under article 78 of the Civil Practice Act, by which an order is sought directing the appellant Civil Service Commission to take such action as may be required to bring their positions within the classified civil service in accord with applicable provisions of the Civil Service Law and the Rules for classified civil service promulgated thereunder.

An order at Special Term denying the application, *without prejudice to its renewal,* was reversed at the Appellate Division by an order and judgment now before us which direct the Civil Service Commission forthwith to do every act which effectually will place in the classified civil service the positions now held by the petitioners and to proceed to fill such positions in the manner provided by the Civil Service Law.

The decision of this court in *Palmer* v. *Board of Education* (276 N. Y. 222) was declaratory of no new law governing State civil service. It had, however, the salutary effect of placing emphasis upon the mandate contained within the civil service article of the Constitution (Art. V) which, as was pointed out (p. 228), " applies to every position in the civil service of the State," and which neither the Legislature nor administrative officers may disregard. (See, also, *Matter of Carow* v. *Board of Education,* 272 N. Y. 341, 344.)

The record in the proceeding now before us contains no evidence of a disregard by either the Legislature or administrative officers of the State of any mandate in the Constitution relating to civil service.

It does not go beyond common knowledge to say that since 1883, when civil service reform first became the subject of legislative action in this State (L. 1883, ch. 354), there has been consistent progress toward the ideal which became a constitutional objective — the establishment of a system of appointments and promotions in the civil service of the State, and in all civil divisions thereof, according to merit and fitness to be ascertained, so far as practicable, by competitive examinations. (State Const.

art. V, § 6.) Indeed it was the State of New York which first made the merit system — based upon appointment and promotion in the civil service by competitive examination — a part of its fixed public policy, by inserting in its Constitution a mandatory provision to that effect. (*Hale* v. *Worstell*, 185 N. Y. 247, 251.) In the marked progress made toward that ideal obstacles have been met and overcome, some of which were anticipated at the outset and more were unforeseen. (See *Chittenden* v. *Wurster*, 152 N. Y. 345.)

The present proceeding relates itself to a constant and besetting problem, which was foreshadowed by the first constitutional provision and remains today, viz., the problem of so administering the Civil Service Law that its benefits may be extended to " all the civil divisions " of the State, by means which are at once practicable and in the best interest of public business and those who conduct it on behalf of government. In meeting that problem as it affects the State at large, those charged with the duty of administering the law quite naturally have dealt first with the larger units of government where population is a factor — the counties, cities and villages of the State.

Our decision in the *Palmer* case (*supra*), and later in *Matter of Booker* v. *Reavy* (281 N. Y. 318), served to give direction to thought by civil service employees in school districts and in other local civil divisions of the State upon the subject of their civil service rights under existing law. The same subject was brought before the Legislature of 1939 by the annual message of the Governor who drew attention both to the urgency and the magnitude of the problem involved and called for legislative action which would bring about its solution. In that message are data which bear upon the question now before us. In part it was stated:

" To extend civil service to every local subdivision of the State is a task of tremendous proportions. Such extension will add to the present jurisdiction of the State Civil Service Commission approximately 39 counties, 931 towns and townships, 546 villages and 9,503 school districts. The

figures alone indicate the enormity of this undertaking. Approximately 200,000 employees in the public service of the local units of the State will be affected by this extension. There will arise the problems of certification of payrolls, classification of positions, conduct of examinations, promulgation of eligible lists, certifications, appointments and other matters of complex nature.

" To provide the machinery for an orderly extension of civil service to these local units of government, I suggest that a commission be created by the Legislature to make a thorough study and formulate recommendations for the consideration of the Legislature in 1940, and that it work in co-operation with the State Civil Service Commission and the municipalities to be affected by such extension."

In accord with the Governor's recommendation a Commission was appointed by the Legislature to devise means by which the benefits afforded by the Civil Service Law may be extended to local subdivisions of the State including school districts. The members of that Commission have been working in co-operation with State and municipal civil service commissions to effectuate a plan which is practicable and by which such extension may be accomplished.

True it is that a delay has occurred in extending to the petitioners the benefits of the Civil Service Law to which they are entitled as a constitutional right. But in view of the vast number of administrative details which the problem involves and the possible necessity for legislative action to make provision for the enforcement of the law as extended, we cannot say upon the record at hand that such delay has been unreasonable. Nor do we believe that the present proceeding is one which warrants action by the judicial branch of the State government as directed by the order now before us. Such order, we believe, will confuse and may thwart the studied efforts, mentioned above, which are being exerted by the executive and legislative branches of the State government in co-operation with the Civil Service Commission, to bring about a solution of the problem. (Cf. *Matter of Andresen* v. *Rice*, 277 N. Y. 271, 282.)

Finding in the record before us no evidence of a delay by the Civil Service Commission so unreasonable, in the circumstances presently existing, as to justify the order here upon appeal, we conclude that the order of the Appellate Division should be reversed and that of Special Term affirmed, without costs.

SEARS, J. (dissenting). The petitioner has shown a clear legal right. If more time is necessary to adjust matters in the Civil Service Commission it can be granted at the Special Term.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY and CON-WAY, JJ., concur with LEWIS, J.; SEARS, J., dissents in memorandum.

Ordered accordingly.