In the Matter of the Application of JAMES H. RICKER, Petitioner, against VILLAGE OF HEMPSTEAD and Others, Respondents.

Supreme Court, Trial Term, Nassau County, May 13, 1941.

*Manuel W. Levine*, for the petitioner.

*C. H. Tunnicliffe Jones*, for the respondents.

LOCKWOOD, J. Petitioner applies, pursuant to article 78 of the Civil Practice Act, for reinstatement to the office of chief of police, village of Hempstead, Nassau county.

By resolutions of the board of trustees of the village of Hempstead, he was appointed a policeman (1918), a sergeant (1922), a lieutenant (1924), and chief of police of the village September 18, 1935, at a salary of $4,200 per annum, from which position he was removed on April 7, 1941, by the village board, without preferment of charges or a hearing.

He never took an examination, either competitive or qualifying, in connection with his original appointment, or for any of his promotions.

In 1925 the village organized its police department under section 188-a *et seq.* of the Village Law; that is, the rules of the Civil Service Commission were extended to the department.

The facts are not disputed and the only question presented is one of law, namely, whether petitioner, on April 7, 1941, possessed such permanent tenure of office under the Constitution and statutes of the State as prohibited his dismissal at the wi l of the board of trustees, or permitted it only after a due hearing upon charges. This question was presented to this court in 1939 in a proceeding affecting a former member of the police force of the village of Freeport, Long Island.

The statute, section 188-l, as amended by chapter 479 of the Laws of 1936, then in force, read: " Village policemen who are lawfully serving as policemen in villages at the time this act takes effect, shall continue to be members of such village police department regardless of their age and shall retain the rank which they have or had at such respective times, notwithstanding the provisions of section one hundred and eighty-eight-b of the Village Law."

In other words, the petitioner there claimed that village policemen who were *lawfully serving* as such when the act took effect were " covered-in " without examination on a force established or organized under section 188 of the Village Law. (*Matter of Rotheim* v. *Patterson,* 172 Misc. 353.) In that case, Justice Hooley, in a learned opinion, held adversely to that petitioner's contentions.

Counsel for the petitioner here, James H. Ricker, claims that the Legislature sought to overcome the effect of this decision by amendment to section 188-l of the Village Law (Laws of 1940, chap. 598) which provides that " * * * Village policemen who are employed at the time this act, as hereby amended, takes effect, and who were employed at the time the rules of the State Civil Service Commission were extended to the police department of the village in which they are employed, shall continue to hold their positions without further examination and shall be removed only upon compliance with the provisions of section one hundred and eighty-eight-f of this chapter; provided, however, that all new positions created after the extension of the rules of the State Civil Service Commission to the police department of said village and all vacancies occurring in positions already established shall be filled in accordance with the Civil Service Law and rules."

Ricker claims that he always had a legal right of tenure, and moreover, that the effect of the *Rotheim* case is overcome by the 1940 amendment which, he argues, expressly confers tenure upon him, so far as it lay within the constitutional power of the Legislature to do so.

Respondents assert that Ricker's appointment was illegal in the first instance as violative of section 6 of article 5 of the New York State Constitution, which provides that "Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; * * * Laws shall be made to provide for the enforcement of this section," and since a competitive examination is practicable for petitioner's position, the Legislature had no constitutional power to retain petitioner in office and the "covering-in" provision of the statute is unconstitutional.

Therefore, the precise question is the constitutionality of this "covering-in" legislation.

*Palmer* v. *Board of Education* (276 N. Y. 222); *Matter of Scahill* v. *Drzewucki* (269 id. 343); *People ex rel. Hannan* v. *Board of Health* (153 id. 513) do not completely determine this question, as "covering-in" legislation was not involved in those cases. They do hold that the Constitution requires that appointments and promotions in the civil service of the State and all of its civil divisions "be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive," and that the Legislature may not disregard, evade or weaken the force of this mandate.

Petitioner Ricker does not dispute that this is the law, and he concedes that merit and fitness for appointments and promotions of police officers can be practicably ascertained by competitive examinations. (*Matter of Andresen* v. *Rice*, 277 N. Y. 271.) He contends, however, that the Legislature has the constitutional power to exempt employees from an examination in a proper case, and has exempted him by section 188-l of the Village Law, which was a proper exercise of its power.

He claims such "covering-in" has been upheld as to approximately 26,000 transit employees in New York city by the "Wicks Act" (Laws of 1939, chap. 927). (*Matter of Mazzarella* v. *Kern*, 285 N. Y. 85; *Matter of Felder* [*Fullen*], N. Y. L. J. April 10, 1941, p. 1600.)

The point now at issue was not involved in the *Mazzarella* case, but petitioner argues, had the statute been unconstitutional, the court would have raised it on its own accord. (*Palmer* v. *Board of Education, supra,* p. 226.)

Petitioner points further to the movement for some time under way to extend the rules of the Civil Service Commission to the employees of every civil subdivision of the State. That there are

over 150,000 civil employees in the State who were appointed without compliance with the Constitution and Civil Service Law in various governmental units to which the rules of the Civil Service Commission had never been extended and where there was, therefore, no method of administering the Civil Service Law. (See first and second reports of the New York State Commission on Extension of the Civil Service, filed March 15, 1940, and February 20, 1941, respectively; *Matter of Madden* v. *Reavy*, 284 N. Y. 418.)

It is argued that in extending the Civil Service Rules to this vast army of civil employees, it would be impracticable, both from a financial and administrative standpoint, to classify all these positions, hold examinations and establish lists for the innumerable service classifications involved. That the only practicable method of carrying out a project of such magnitude is to legislate that those holding positions to which the Civil Service Rules are extended shall continue in their employment without examination with 'all the rights and privileges of the civil service class to which their positions may be allocated.

The cases arising under the " Wicks Act " do not help petitioner. There, the Legislature found and declared that " competitive examinations for appointments or employments in such transit facilities when acquired by cities would be impracticable in that such requirement of competitive tests would irreparably disorganize the service, endanger public safety, interrupt continuous operation of such facilities and place an undue burden on the financial resources of the cities." (Laws of 1939, chap. 927, § 1.)

At the last session of the Legislature an act was passed and took effect when signed by the Governor on April 29, 1941 (Laws of 1941, chap. 885), for the comprehensive extension and administration of the Civil Service Law and Rules in the counties and other civil divisions of the State, providing, in part, in section 4: " The then incumbents of such positions who have been employed in such civil division for a period of not less than one year immediately prior to the date so fixed by such Commission shall continue to hold their positions without further examination and shall have all the rights and privileges of the civil service class to which such positions may be allocated; provided, however, that after July first, nineteen hundred forty-two, all new positions thereafter created and vacancies occurring in existing positions shall be filled in accordance with the Civil Service Law and Rules."

This law was enacted to protect those holding positions. It came too late to benefit this petitioner.

Legislation designed to extend the competitive and merit system generally to every civil employee within the State, and containing

" covering-in " provisions based upon the legislative declaration that it is impracticable to classify and examine all the present employees, may be upheld as not violative of the Constitution and Civil Service Law. However, that is a problem that faces the Commission on Extension of the Civil Service, the Civil Service Commission and the Legislature. It is not in the case now before the court, for the 1940 amendment to section 188-l of the Village Law contained no legislative declaration similar to that incorporated in the " Wicks Act."

The cases cited by petitioner's counsel, which directly uphold various " covering-in " provisions and tenure of office after reclassification, are those where the appointments were legal and not contrary to the Constitution or Civil Service Laws in the first instance. (*Matter of Sugden* v. *Partridge*, 174 N. Y. 87, 96; *Matter of Fornora* v. *Schroeder*, 261 id. 363, 368; *Matter of Sandford* v. *Finegan*, 276 id. 70, 74; *Matter of Kinsella* v. *Kern*, 168 Misc. 847, 848; affd., 254 App. Div. 834; leave to appeal denied, 278 N. Y. 739; *Matter of Jampol* v. *Kern*, 280 id. 659.) In *Matter of Andresen* v. *Rice* (*supra*, 282) it did not appear from the record but that previous appointments may have been legally made.

It follows that since petitioner was not legally appointed or promoted to his position, and the " covering-in " provision of section 188-l of the Village Law, in force at the time of his dismissal, April 7, 1941, was not based upon any impracticability, actual or declared, the petitioner has no rights that were violated by his dismissal.

Motion denied, and petition dismissed.