█ Justin E. Driscoll, Respondent-Appellant, v. Troy Housing Authority et al., Appellants-Respondents.— Appeal from an order of the Supreme Court at Special Term entered in Rensselaer County, which, upon motions by each party for summary judgment, dismissed the complaint, without prejudice. Both parties have appealed, and agree that no issue of fact is presented. The action is to recover for the alleged breach of a contract, executed May 22, 1956, whereby plaintiff's employment as executive director of the defendant authority was continued for a period of three years. Plaintiff's employment in that position had theretofore been pursuant to appointment. The facts as to his original appointment on April 8, 1948 and his dismissal on

February 7, 1957 appear in our memorandum decision in *Matter of Driscoll* v. *Troy Housing Auth.* (6 A D 2d 981), an article 78 proceeding between the same parties, decided concurrently herewith. The order before us on this appeal was granted on the ground that the action had become academic by reason of the Special Term's determination of the article 78 proceeding favorably to petitioner. On the appeal in that proceeding we have decided, upon proof substantially the same as that before us on this appeal, that the position held by petitioner was and is in the competitive class of the civil service. Consequently, it could not be filled otherwise than as a result of competitive examination. It follows that the purported contract was unauthorized and is void. (See *Palmer* v. *Board of Educ.*, 276 N. Y. 222.) Order modified by striking out the provisions thereof that the dismissal of the complaint is not upon the merits, and is without prejudice, and so as to provide that defendant have judgment dismissing the complaint, on the merits, and, as so modified, affirmed, without costs. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.