Van Voorhis, J. (dissenting).
These candidates (having the prerequisite of a master’s degree) were allegedly subjected to competitive civil service examination by being graded solely according to how many years they had undergone of supervisory, administrative or consultative experience in casework. That does not afford a reliable index of relative ability, at least after the acquisition of enough experience to enable the candidate to acquire familiarity with the essentials of the job. Grading according to the duration of their respective experience in the field, without any other competitive test of their relative abilities fails to comply with the mandate of section 6 of article V of the State Constitution which demands that appointments and promotions in the civil service shall be made according to merit and fitness “to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive This section and article of the Constitution apply to every position in civil service of the State, and neither Legislature nor administrative officers may disregard it (Matter of Madden v. Reavy, 284 N. Y. 418), Even though a certain quantity of experience may be required as a condition of qualification for the position, it cannot constitute the sole criterion and thus, in effect, place the position in the noncompetitive class (Matter of Fink v. Finegan, 270 N. Y. 356, 362). Many decisions sustain this conclusion.
The order appealed from should be reversed and the petition granted.
Order affirmed.