In the Matter of SOLOMON TUREL et al. against JOHN H. DELANEY et al., as Members of the Board of Transportation of the City of New York, et al., Respondents. ISIDORE MUFSEN, Appellant.

Argued January 8, 1941; decided March 6, 1941.

*Albert B. Breslow* for appellant.

*Trabue Carswell, Paul L. Ross* and *Ralph R. Monroe* for John H. Delaney et al., as members of the Board of Transportation of the City of New York, respondents.

LOUGHRAN, J. The subject-matter of this controversy is a contract whereby the Board of Transportation of the city of New York retained John J. Moorhead (a physician and surgeon) to supply the medical and surgical care and treatment which the Workmen's Compensation Law (Cons. Laws, ch. 67) required the Board to provide for workmen employed by it in its operation of the city-owned rapid transit railroads. The principal parts of this agreement (in which Dr. Moorhead is called " the Contractor ") are these:

" ARTICLE I. * * * The Contractor shall be responsible for the general medical and surgical care and treatment of the employees of the Board injured in the course of their employment * * *. He shall employ

* * * assistant doctors and surgeons and nurses, subject to approval by the Board, at the compensation hereinafter stated; he shall direct and supervise such assistant surgeons and graduate nurses and assign them to the duties of treatment and care of injured employees.

"ARTICLE II. * * * For the performance of the services enumerated in Article I hereof, the Board agrees to pay to the Contractor at the rate of Ten Thousand ($10,000) dollars per year; and at the rate of Three Thousand ($3,000) dollars per year for each assistant surgeon regularly assigned to duty * * *; for each graduate nurse, the sum of Twenty-eight ($28.00) dollars per week and further for a junior surgeon at the rate of One Thousand two hundred ($1,200) dollars per year. The Board further agrees to pay to the Contractor the sum of Ten ($10.00) dollars for that part of each day for which any of his assistants may be engaged in giving testimony before a Referee of the Workmen's Compensation Commission or testimony before the Industrial Board of such commission. The Board further agrees to pay to the Contractor for each home visit paid by an assistant doctor or surgeon, the sum of Three ($3.00) dollars for each such visit * * *."

This contract was first made for one year from August 2, 1932, and thereafter was renewed from year to year until the present proceeding was brought to obtain an order directing the Board to cancel the annual renewal thereof that had been effected on August 2, 1939. The petitioners allege that their eligibility for the position of "Police Surgeon" has been certified upon a civil service eligible list which was promulgated by the Municipal Civil Service Commission of the city of New York on August 9, 1935. They ask that the order sought by them shall further direct the Commission to certify this list to the Board of Transportation.

The courts below have held that the foregoing contract with Dr. Moorhead was validly made by the Board of Transportation in the exercise of a discretion left to the Board alone. We cannot assent to that conclusion. A con-

tradictory result is dictated by the State Constitution through its command that merit and fitness shall be the basis of the choice of public servants and that the test of such merit and fitness shall be competitive examinations where competitive examinations are practicable (N. Y. Const. art. 5, § 6.)

Salaries of persons employed by the Board of Transportation are paid out of the revenues derived from operation of the city-owned railroads. (Public Service Law, §§ 133, 136; Cons. Laws, ch. 48.) Appointments and promotions to any class or classes of employment in the operating division of the Board are fundamentally subject to the provisions of the Civil Service Law (Cons. Laws, ch. 7). (So, Public Service Law, § 134½.) It is conceded that the Board could here have enlisted a capable medical and surgical organization by means of competitive examinations. In no possible view, then, is the contract in question to be upheld. (See *Schaefer* v. *City of Long Beach*, 271 N. Y. 81.)

We find this record an insufficient basis for a direction that the Municipal Civil Service Commission certify to the Board of Transportation the above-mentioned civil service eligible list.

The orders should be reversed, with costs in all courts to the appellant, and the matter remitted to the Special Term for further proceedings not inconsistent with this opinion. The motion to dismiss the appeal should be denied.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.