JOHN GUASTOFERRI, Plaintiff, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Kings County, April 3, 1944.

*George A. Brenner* for plaintiff.

*Ignatius W. Wilkinson, Corporation Counsel* (*Nicholas Bucci* of counsel), for defendant.

Colden, J. This taxpayer's suit was tried upon the pleadings and a stipulation of facts dated November 9, 1943, as amended by a stipulation dated January 20, 1944. For some time prior to the commencement of the action certain elevators, in several schools maintained and controlled by the defendant, were operated by civil service employees. On June 24, 1942, however, the defendant, in formulating what is known as the "twenty-four hour plan" or "modified indirect system", abolished the position of civil service elevator operator and transferred the operation of elevators in the schools under such plan to employees, selected and paid by custodians, without reference to civil service eligible lists. Under such system each custodian is selected and appointed from a civil service list, established as a result of a competitive examination. It is his duty to care for, maintain and run the school building and appurtenances. For this service he is paid a lump sum. To perform his duties he hires as many employees as are necessary to assist him in the performance of his work. He pays them out of the lump sum received by him and what is left over after such payment he keeps as compensation for his own services.

The learned Corporation Counsel, in his memorandum after trial, argues principally the validity of such indirect custodial system. The complaint does not directly challenge its validity. Indeed, on page 3 of plaintiff's memorandum, submitted after trial, he specifically states that he "does not attack the so called 'indirect' custodial system which has been in operation for many years in the schools." He merely seeks to prevent the defendant from extending that system so as to embrace positions formerly filled from civil service lists established as the result of competitive examinations.

In addition to urging the validity of the entire indirect system of custodial operation, the Assistant Corporation Counsel in his memorandum after trial argues that the defendant acted within its power in consolidating the duties of elevator operator with those of custodian and abolishing the former position.

The defendant urges that nowhere in the complaint is there an allegation that the defendant has performed an illegal act. However, the facts set forth in the agreed statement constitute a sufficient basis upon which to make a determination as to this point. The defendant argues that a taxpayer has no cause of action unless he alleges both an illegal act and a waste of public

funds and that the substance of plaintiff's grievance is that the defendant is not appointing any more school elevator operators from civil service lists. It is then urged that it was admitted on argument that there is no civil service list for elevator operators now in existence, that due to war conditions it will be improvident to attempt to hold an examination at this time and establish a list, and that in the absence of a list no appointments can be compelled. It is clear that a mere threat of a substantial and imminent injury makes it proper for a taxpayer's suit to be instituted. (*Campbell* v. *City of New York*, 244 N. Y. 317, 330.) Any citizen, resident in the city, is "capable of presenting to the courts his petition for the enforcement by officials of their mandatory duties." (*Matter of Andresen* v. *Rice*, 277 N. Y. 271, 281.) Here the plaintiff claims that the defendant is disregarding or threatening to disregard the mandate of section 6 of article V of the State Constitution, which declares "in unmistakable terms that merit, ascertained as therein provided, shall govern appointments and promotions in the public service" (*Palmer* v. *Board of Education*, 276 N. Y. 222, 226), and that therefore as a citizen he has a right to challenge such action.

Without passing upon the validity of the so-called indirect custodial system at this time, nevertheless the defendant cannot lawfully abolish existing civil service positions and have the duties of such positions performed by persons not selected and appointed on the basis of merit in accordance with the constitutional mandate referred to above. Even if the indirect system be considered valid, the defendant should not be permitted to reverse a previously long-established policy under which school elevators were operated by civil service employees appointed from civil service lists and substitute therefor, as a new plan, the performance of such work by persons outside of the merit system and chosen and paid for by the custodians. In *Matter of Andresen* v. *Rice* (*supra*), the Legislature attempted to adopt a new practice of choosing State police officers without competitive examination and that was held improper as contrary to the Constitution. In *Matter of Turel* v. *Delaney* (285 N. Y. 16) an attempt was made by the Board of Transportation to contract with a private doctor not taken from any civil service list, and the court held that that was a violation of the Constitution. In *Matter of Scahill* v. *Drzewucki* (269 N. Y. 343, 346), the employment of a mechanic and a mechanic's helper by a board of education without compliance with the Civil Service Law was held to be contrary to the mandate of the

State Constitution. And so in the instant case the transference of positions from civil service to noncivil service is likewise contrary to the Constitution.

The fact that as part of the plan adopted by the defendant no incumbent civil service elevator operator loses his job inasmuch as he is transferred to other schools not under the twenty-four-hour system does not validate the practice sought to be enjoined. As was pointed out in *Palmer* v. *Board of Education* (276 N. Y. 222, 226, *supra*): "An employment which in its inception violates the provisions of the Constitution is illegal and against public policy, regardless of the good faith of the parties. It is the duty of the appropriate administrative officers of the State or its civil divisions to discontinue an illegal employment when they note its illegality, and if rights based upon such employment are asserted in the courts, the legality of the appointment should not go unchallenged by public officers; but regardless of whether the legality is challenged or not, a court must refuse to sanction such an employment which violates the mandate of the Constitution whenever the illegality becomes apparent to it." It is urged that the defendant is vested with discretion in abolishing the civil service position of elevator operator and consolidating the duties thereof with those of custodian. If what is attempted is illegal, it is illegal. If the practice offends the Constitution the court must refuse to sanction it. (*Palmer* v. *Board of Education, supra.*) We are not here dealing with a given position which has been exempted from competitive examination based upon a reasonable discretion exercised by administrative officials; there are certain administrative or executive positions which may be exempt from a competitive examination where such examination would be impracticable. (*Matter of Simons* v. *McGuire,* 204 N. Y. 253; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92.) In the last cited case it was stated at page 99: "If the position is clearly one properly subject to competitive examination, the commissioners may be compelled to so classify it. On the other hand, if the position be by statute or from its nature exempt from examination and the action of the commission be palpably illegal, the commission may be compelled to strike the position from the competitive or examination class, though in such case redress by mandamus would often be unnecessary, as a valid appointment could be made notwithstanding the classification."

It is obvious that the position of a school elevator operator is not such as would make it impracticable to hold a civil service examination and indeed such examinations were held and

appointments made from eligible lists until the defendant Board of Education adopted the practice here complained of.

There must be judgment for the plaintiff to the extent of restraining the defendant from procuring persons other than civil service employees to perform the duties of running elevators in schools, now or heretofore performed by persons selected and appointed from civil service eligible lists. Submit judgment for plaintiff accordingly on notice.