JOHN GUASTOFERRI, Respondent, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— In an action to restrain the Board of Education of the City of New York from procuring persons other than civil service employees to perform the duties of elevator operators in schools, now and heretofore performed by persons appointed from civil service lists, judgment in favor of plaintiff reversed on the law, with costs, and the complaint dismissed on the law, without costs. The " indirect system " which permits the hiring of custodial help by custodian-engineers, who are civil service employees, appointed after

competitive examination, does not violate the provisions of section 6 of article V of the State Constitution, or of the Civil Service Law. (*Beck* v. *Board of Education of City of New York*, 268 App. Div. 644, affd. 295 N. Y. 717.) The extension of this system to schools in which it is not presently in effect will not result in loss of employment or salary by any civil service employee presently employed, nor in the future employment of elevator operators· by the Board of Education to perform the duties of any position which·may be abolished. Whether the "indirect" or the "direct" system, under which the elevator operators are appointed from civil service lists is more desirable from the standpoint of efficiency or economy, must be decided in the exercise of discretion entrusted to the Board of Education, with which discretion the courts may not interfere. (*Beck* v. *Board of Education of City of New York*, *supra*.) Lewis, P. J., Hagarty, Adel, Aldrich and Nolan, JJ., concur. [183 Misc. 158.]