*236 OPINION OF THE COURT
Frank Composto, J.
Petitioner, on behalf of himself and all school custodians and school custodian-engineers, members of Local Union 891, moves for a judgment directing respondents to rescind the resolutions adopted by them awarding certain contracts to private contractors for the custodial care of certain public schools and to enjoin respondents from abolishing the civil service job positions of any of the petitioners and from contracting the custodial work performed by petitioners to private contractors.
In August and September of 1977, respondent board of education pursuant to prior solicitation, received bids from private contractors to perform private custodial services for an expanded number of public schools in the city. On October 5, 1977 the board adopted 22 resolutions awarding contracts for the custodial care of 22 public schools to the low bidder.
Petitioner challenges respondents’ action as unconstitutional violating section 6 of article V of the New York State Constitution which provides, in essence, that merit and fitness shall be the basis of the choice of public servants and that the test of such merit and fitness shall be competitive examinations where competitive examinations are practicable.
The court agrees with the contention of petitioner.
 The authorities are in accord that not all services furnished or labor performed in connection with any governmental activity must be done by individuals directly employed by the State or city or a civil subdivision thereof. However, when the board seeks to have work done "where it retains control of the [work including] compensation to be paid to individuals * * * their selection or the conditions of their employment”, then the board is obligated to comply with the constitutional mandate of section 6 of article V (Beck v Board of Educ. of City of N. Y., 268 App Div 644, 649, affd 295 NY 717; Matter of Corwin v Farrell, 303 NY 61; Matter of Turel v Delaney, 285 NY 16).
An examination of the specifications for the jobs awarded to the private contractors reveals such a complete control by the board over the employees of the private contractors as to bring the contracts within the prohibition of the constitutional mandate of section 6 of article V.
Thus, the board specifies the hours for custodial care; that *237 the board will furnish all supplies, tools and equipment; the board to fix the specified dollar rates per hour, the pay for extra services; the contractor must provide personnel to open and remain on duty at specified hours for individual buildings, and other like provisions.
Clearly, the conditions set forth in the specifications and the over-all control maintained by the board are tantamount to an employer-employee relationship between the board and the prospective employees of the private contractors, an arrangement violative of the State Constitution (see Beck v Board of Educ. of City of N. Y., supra). The court finds that under these circumstances the respondents’ attempt to hire the private contractor violates the civil service status of petitioner and members of his union.
Section 2554 of the Education Law cited by respondents must comply with the constitutional mandate of section 6 of article V and therefore is not relevant herein.
Accordingly, the petition is granted in all respects.